COMMONWEALTH of Pennsylvania, Appellant,

v.

Lawrence A. GAUL, Jr., Appellee.

Superior Court of Pennsylvania.

Argued Oct. 27, 2004.

Filed Jan. 19, 2005.

Douglas J. Waltman, Asst. Dist. Atty., Reading, for Com., appellant.

Andrea E. Mertz, Reading, for appellee.

BEFORE: STEVENS, McCAFFERY and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 The Commonwealth appeals from the February 25, 2004 Order granting appellee's pre-trial motion to suppress a statement he made to a police investigator while in custody. After careful review, we reverse and remand for further proceedings consistent with this Opinion.

¶ 2 On the evening of July 4, 2003, appellee visited the apartment of Shelly Burns for approximately an hour. At some point during his visit, appellee was left unattended while sitting on the living room sofa. The next day, Burns discovered that her .38 caliber Smith & Wesson handgun was missing from the end table drawer adjacent to the living room sofa and she reported the firearm stolen. N.T., 2/4/04, at 12–16.

¶ 3 Following an investigation, appellee was arrested on July 21, 2003, and was transported to the detention center in City Hall, Reading, Pennsylvania. Criminal Investigator Harold T. Shenk arrived shortly thereafter and immediately read appellee the criminal complaint and affidavit of probable cause. C.I. Shenk explained to appellee that since he was in custody, he would have to read him his *Miranda*[1] rights. C.I. Shenk then asked appellee if he would like to speak with him regarding the pending charges and if so, Shenk again stated he would have to read him his *Miranda* rights since he was under arrest. Appellee replied, "Off the record, I can get you the gun back, but you have got to make a deal with me." C.I. Shenk declined, told appellee he was unable to make promises or guarantees and terminated the conversation. N.T., 2/4/04, at 38–42.

¶ 4 On August 21, 2003, appellee was charged with theft by unlawful taking or disposition,[2] receiving stolen property,[3] persons not to possess, use, manufacture, control, sell or transfer firearms,[4] and firearms not to be carried without a license.[5] Appellee waived his preliminary hearing on August 29, 2003, and was formally arraigned on the charges on September 22, 2003. Record, No. 3. On December 2, 2003, appellee filed a motion to suppress the statement he made to Investigator Shenk. Record, No. 7. Following a hearing the court granted appellee's suppression motion and this timely appeal followed.

¶ 5 The Commonwealth argues the trial court erred in finding appellee was subject to interrogation while in custody, and that appellee's motion to suppress his statement should have been denied. Commonwealth's brief at 8. The Commonwealth contends appellee's statement was not in response to the question C.I. Shenk asked

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. 18 Pa.C.S.A. § 3921(a).

3. 18 Pa.C.S.A. § 3925(a).

4. 18 Pa.C.S.A. § 6105.

5. 18 Pa.C.S.A. § 6106(a).

and was entirely voluntary and therefore admissible. *Id.* at 8–11.

¶ 6 Our standard of review in determining whether a trial court erred in granting a suppression motion is well-settled.

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Keller*, 823 A.2d 1004, 1008 (Pa.Super.2003), *appeal denied*, 574 Pa. 765, 832 A.2d 435 (2003) (citation omitted).

¶ 7 In this case, the trial court found appellee was subject to custodial interrogation on the evening in question and was not informed of his *Miranda* rights prior to the interview. Trial Court Opinion, Sprecher, J., 4/23/04, at 4–5. In so holding, the court reasoned that the "reading of the Affidavit of Probable Cause was coercive" and "C.I. Shenk should have known that his comments were reasonably likely to elicit an effort by Mr. Gaul to defend himself, offer alternative explanations or provide a responsive statement." *Id.* at 4. We disagree.

¶ 8 It is well-established that the prosecution may not use any statements resulting from the custodial interrogation of a defendant unless he was first informed of his right against self incrimination and his right against counsel. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Statements made during custodial interrogation are by their very nature involuntary, unless the accused is first advised of his *Miranda* rights and permitted to exercise these rights. *Commonwealth v. Nester*, 551 Pa. 157, 709 A.2d 879 (1998) (citation omitted). A person is subject to custodial interrogation "so as to necessitate *Miranda* warnings [when]...he is physically deprived of his freedom in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by such interrogation." *Commonwealth v. Busch*, 713 A.2d 97, 100 (Pa.Super.1998) (citations omitted).

¶ 9 After careful review, we conclude appellee was not the subject of a custodial interrogation such as to necessitate a reading of his *Miranda* rights *at the time* he made the statement at issue. Following an explanation of the criminal complaint and affidavit of probable cause, appellee clearly was advised that if he desired to discuss the pending charges while in custody, he would first have to be read his *Miranda* rights. Contrary to the trial court's conclusion, C.I. Shenk's question was not of the type designed to or likely to evoke an incriminating response. Appellee's statement, "Off the record, I can get you the gun back, but you have got to make a deal with me," was a voluntary and unresponsive utterance made after C.I. Shenk attempted to ascertain whether appellee understood his situation; it was not the product of police interrogation. Voluntary statements are admissible in criminal cases notwithstanding the *Miranda* rule. *Commonwealth v. Bracey*, 501 Pa. 356, 461 A.2d 775 (1983); *Nester*, *supra*. Likewise, "[a] spontaneous utterance, unsolicited by the police, is admissible." *Commonwealth v. Hughes*, 536 Pa. 355, 368, 639 A.2d 763, 769–770 (1994) (citations omitted); *see also Commonwealth v. Clark*, 454 Pa. 329, 311 A.2d 910 (1973).

Accordingly, the trial court erred in suppressing appellee's statement.

¶ 10 Suppression order vacated; case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.