J-S29026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMERE QUINCE CHRISTIAN | |
| Appellant | No. 1534 WDA 2014 |

Appeal from the PCRA Order August 14, 2014
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002132-2012

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 15, 2015**

Appellant, Jamere Quince Christian, appeals from the August 14, 2014 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA) 42 Pa.C.S.A. §§ 9541-9546.  After careful review, affirm.

We summarize the relevant procedural background of this case as follows.  On May 14, 2013, following a bench trial, Appellant was convicted of two counts of aggravated assault and one count each of simple assault and recklessly endangering another person (REAP).[1]  On July 2, 2013, the trial court imposed an aggregate sentence of seven and one-half to 20 years'

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2701(a)(3), and 2705 respectively.

imprisonment.[2]  On July 9, 2013, Appellant, *pro se*, filed a premature

petition for PCRA relief, challenging the effectiveness of trial counsel,

Maribeth Schaffer, Esquire (Attorney Schaffer).[3]  On July 26, 2013, the trial

---

[2] Specifically, on the first count of aggravated assault, the trial court imposed a sentence of seven and one-half to 20 years' imprisonment; on the second aggravated assault charge, the trial court imposed a sentence of two years and three months to ten years' imprisonment, to run concurrent to the sentence at count one; on the simple assault and REAP counts, the trial court imposed no further penalty.

[3] Thereafter, on July 17, 2013, Attorney Schaffer filed an untimely post-sentence motion on Appellant's behalf.  Attorney Schaffer did not seek leave to file the motion *nunc pro tunc*.  Although on October 31, 2013, the trial court denied said untimely post-sentence motion on its merits, it did not expressly grant leave to file the motion *nunc pro tunc*.  Trial Court Order, 10/31/13.  Therefore, the filing of the motion did not toll the 30-day appeal period.  ***See*** Pa.R.A.P. 903(c); ***see also Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (holding an untimely post-sentence motion cannot toll the 30-day appeal period unless the trial court grants leave to file said motion *nunc pro tunc* upon good cause shown even if the trial court addresses the merits of the motion).  In any event, no direct appeal was filed.

Notwithstanding the pendency of his PCRA petition, Appellant, on July 22, 2013, filed a *pro se* "Motion to Appeal Sentence and Conviction."  As Appellant was represented by counsel, his *pro se* filings carried no legal significance.  ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. 1993) (discussing the effect of *pro se* filings and holding, "there is no constitutional right to hybrid representation either at trial or on appeal.") (citation omitted).  Therefore, because Appellant was represented, the Clerk of Courts noted the motion in the docket and forwarded it to Attorney Schaffer pursuant to Pennsylvania Rule of Criminal Procedure 576.  ***See*** Pa.R.Crim.P. 576(A)(4) (providing the clerk of courts, when presented with a *pro se* filing by a represented defendant, shall receive and time-stamp the filing, and "[a] copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt[]").

court denied Appellant's premature petition for post-conviction relief without prejudice for "[Appellant] to file a new petition once the [p]ost-sentence [m]otions and any subsequent appeal[s] have been ruled on." Trial Court Order, 7/26/13.[4]

On May 5, 2014, Appellant filed the instant, timely *pro se* PCRA petition. The PCRA court appointed counsel on May 8, 2014. On August 14, 2014, the PCRA court held a hearing on Appellant's petition, which it denied that day. On September 11, 2014, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises the following three issues for our consideration.

> [I.] Whether trial counsel provided ineffective assistance by failing to file [a] direct appeal from the judgment of sentence?
>
> [II.] Whether trial counsel provided ineffective assistance by failing to file a motion to suppress the victim's written statement in view of the fact that she was intoxicated when she provided the statement to Officer Huber, and did not sign it in the officer's presence[?]

---

[4] Appellant filed a *pro se* appeal of the trial court order on September 4, 2013, and this Court quashed the appeal on December 4, 2013, as the appeal was untimely. Superior Court Order, 1435 WDA 2013, 12/4/13.

[5] Appellant filed a *pro se* notice of appeal on September 8, 2014, which was forwarded to his counsel per Rule 576(A)(4). Counsel then filed the instant, timely appeal.

Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[III.] Whether trial counsel provided ineffective assistance by failing to advise [Appellant], prior to nonjury trial, of the mandatory sentencing guidelines as the two charged counts of aggravated assault and impact of weapons enhancement guidelines?

Appellant's Brief at 3.[6]

Our standard of review in PCRA matters is well settled. "In reviewing the denial of PCRA relief we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (internal quotation marks and citation omitted). "[O]ur scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*), *quoting Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008). Further, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 101 A.3d 785 (Pa. 2014). Though we defer to the factual findings and credibility determinations of the

_____

[6] Appellant's brief contains one issue with three, distinct sub-parts. For clarity and ease of discussion, we have slightly amended the format to reflect the three questions Appellant raises.

PCRA court, "we review the PCRA court's legal conclusions *de novo*." ***Reyes-Rodriguez***, ***supra*** (citation omitted).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). One such error, which provides a potential avenue for relief, is ineffective assistance of counsel. ***Id.*** § 9543(a)(2)(ii). The issues raised must be neither previously litigated nor waived. ***Id.*** § 9543(a)(3).

In all of his issues on appeal, Appellant challenges the effectiveness of trial counsel. "In order to obtain relief on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668 (1984)." ***Commonwealth v. Reid***, 99 A.3d 427, 436 (Pa. Super. 2014). In Pennsylvania, adherence to the ***Strickland*** test requires a PCRA petitioner to establish three prongs. ***Id.*** Specifically, the petitioner must demonstrate "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error[.]" ***Id.*** (citation omitted). Moreover, we presume counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 108 A.3d 779, 789 (Pa. Super. 2014). In general, if counsel's particular course of action had some reasonable basis toward effectuating her client's interests,

counsel has provided constitutionally effective assistance. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). With regard to counsel's strategic choices, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Id.*** at 312 (citation omitted). For a petitioner to prove prejudice, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." ***Id.*** (citation omitted). "[I]f a claim fails under any required element of the ***Strickland*** test, the court may dismiss the claim on that basis." ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014) (citation omitted).

Appellant first challenges counsel's stewardship by contending she provided ineffective assistance of counsel by "failing to file [a] direct appeal when specifically directed to by her client." Appellant's Brief at 10.

In ***Commonwealth v. Lantzy***, 736 A.2d 564, (Pa. 1999), our Supreme Court considered whether counsel's failure to file a direct appeal entitles a petitioner seeking reinstatement of appeal rights *nunc pro tunc* to that relief under the PCRA. In concluding that such relief was available under the PCRA, the High Court highlighted, "the failure to perfect a requested appeal is the functional equivalent of having no representation at all[.]" ***Id.*** at 571 (citation omitted). Moreover, because "Article V, Section 9

of the Pennsylvania Constitution guarantees a direct appeal as of right … a failure to file or perfect such an appeal results in a denial so fundamental as to constitute prejudice *per se.*" **Id.** (citations omitted). Accordingly, our Supreme Court held the following.

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for the purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

**Id.** at 572 (footnote omitted). "The remedy for the deprivation of this fundamental right of appeal is its restoration." **Commonwealth v. Haun**, 32 A.3d 697, 700 (citation omitted) (Pa. 2011). Therefore, in order to be entitled to relief, Appellant had the burden of proving, by a preponderance of the evidence, that he requested Attorney Schaffer to file an appeal on his behalf. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii); **Lantzy**, **supra**.

At the PCRA hearing, Appellant testified as follows regarding his desire to seek direct review.

> [PCRA counsel]:
>
> Q. Did you ask Ms. Schaffer to file a direct appeal regarding your conviction?

[Appellant]:

A. Yes, sir.

Q. Were you advised of your due process rights to file an appeal?

A. I don't believe so, no.

Q. Well, [the trial court] usually advises people at the time they are sentenced.  My notes indicate that on July 2, 2013 when you were being sentenced at page 6 you asked the judge … [']when can I file an appeal[?']  Do you recall asking the judge that?

A. I believe he said 10 days.  I do remember that now.

…

Q. It's my understanding a direct appeal on the merits of the trial was never filed.  Is that correct?

A. No, sir.

N.T., 8/14/14, at 15.  Although Attorney Schaffer was present at the hearing and testified, Appellant did not question her at all with respect to her representation of Appellant on direct appeal, nor did Appellant ask her whether he indeed requested that she file an appeal on his behalf.  *See generally id.* at 24-34.

The PCRA court supports its decision as follows.

> The only evidence [Appellant] presented on this issue is his own self-serving testimony that he requested [Attorney] Schaffer to file an appeal.  The record reveals no communication from [Appellant] directing [Attorney] Schaffer to file an appeal on his

behalf[,] and [Attorney] Schaffer was not questioned at the PCRA hearing on this issue.

The record does reveal that [Appellant] was aware of his appeal rights and was aware of the process to file a *pro se* appeal[,] as he filed an untimely one on September 2, 2013, from this [c]ourt's July 26, 2013 denial of his first PCRA [petition] in this matter …. The testimony of [Appellant] on this issue is insufficient to overcome the presumption of effectiveness in light of the record. Further, it is the [c]ourt's experience that defense counsel who has failed to file an appeal when directed by their former client will admit the error during PCRA proceedings and request that the appeal rights be reinstated in order to obtain appellate review for their former client. Here [Attorney] Schaffer did not make such an admission nor was she questioned on this issue resulting in [Appellant] being unable to meet his burden.

Accordingly, there is no merit to this allegation of error.

PCRA Court Opinion, 11/6/13, at 5-6 (citations omitted). We conclude the PCRA court did not err in denying relief on this basis.

As the PCRA court observed, the only evidence presented to demonstrate Appellant requested that his counsel file a direct appeal was his own testimony. The PCRA court found Appellant's testimony "self-serving" and determined that he presented no evidence on which it could conclude that Appellant in fact requested such appeal. *Id.* Because the evidence on the record at the PCRA court hearing supports the PCRA court's finding, we

will not disturb its ruling on this issue. *See Reyes-Rodriguez*, *supra*;

*Henkel*, *supra*.[7]

Next, Appellant contends counsel was ineffective for failing to file a

motion to suppress a written statement of the victim. Appellant's Brief at

11. Specifically, Appellant argues that counsel should have moved for the

suppression of the statement because the victim made the statement while

under the influence of alcohol, and it was "neither signed nor adopted by the

victim at the time it was written." *Id.* at 12. The PCRA court summarized

Attorney Schaffer's reasons for not filing the motion as follows.

> [Attorney] Schaffer testified that she did not
> file the requested motion for a variety of reasons:
> she felt there was no legal basis for it; she felt it
> would have bolstered the Commonwealth's case by
> providing the uncooperative witness to testify once
> on the record; that [Appellant's] overall strategy was
> premised on the victim not testifying and creating an
> opportunity for her to testify would be counter to
> that; and that she believed a better trial strategy
> was to use the victim's intoxication at the time of the
> incident and statement to undermine her credibility
> at trial.

---

[7] We, however, disagree with the PCRA court's legal conclusion that
Appellant's knowledge of the process to file a direct appeal *pro se* is relevant
to the issue of whether his counsel provided ineffective assistance of
counsel. Regardless of Appellant's knowledge of the process of filing an
appeal, he has the right to the effective assistance of counsel and the right
to file a direct appeal of his conviction. *Lantzy*, *supra* at 572.
Nevertheless, as the PCRA court did not credit Appellant's testimony that he
requested a direct appeal, we agree Appellant has failed to establish a right
to relief.

PCRA Court Opinion, 11/6/13, at 7; **accord** N.T., 8/14/14, at 27-28, 31-34. Instantly, we agree with Attorney Schaffer's assessment that there is no legal basis for the suppression of this statement. N.T., 8/14/14, at 27. Hence, this issue is without arguable merit. Pennsylvania Rule of Criminal Procedure 581 governs motions to suppress and provides that a defendant may file "a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights." Pa.R.Crim.P. 581(A); **see also Commonwealth v. Enimpah**, 106 A.3d 695, 698 (Pa. 2014) (noting that pursuant to Rule 581, a defendant's **own** constitutional rights must have been infringed in order to have standing to pursue a suppression motion, subject to exceptions not applicable in the instant case). Here, Appellant argues the statement of another should have been the subject of a motion to suppress based on the declarant not signing the statement and her alleged intoxication; however, Appellant does not assert this statement was obtained in violation of his own constitutional rights. Therefore, he has failed to demonstrate this issue is of arguable merit. Consequently, Attorney Schaffer was not ineffective for not pursuing a motion to suppress. **See Reid**, **supra**.

Finally, Appellant argues that trial counsel was ineffective for not advising him that he could receive a sentence higher than a term of five to ten years' imprisonment. Appellant's Brief at 10. The PCRA court credited Attorney Schaffer's testimony that she always informs clients of their

- 11 -

potential exposure to imprisonment. PCRA Court Opinion, 11/6/13, at 9; N.T., 8/14/14, at 30. As the record supports this credibility determination, we defer to the PCRA court's finding and conclude Appellant's issue is without merit. **See Henkel**, **supra**. Alternatively, Appellant does not argue that had he been advised of his potential sentence, there is a reasonable probability that the outcome of the proceedings would have been different. **See generally** Appellant's Brief at 13-14. Therefore, Appellant has failed to demonstrate that he was prejudiced by Attorney Schaffer's alleged ineffectiveness. **See Spotz**, **supra**. Accordingly, Appellant's final challenge fails.

Based on the foregoing discussion, we conclude the PCRA court did not err in dismissing Appellant's PCRA petition. Thus, we affirm the PCRA court's August 14, 2014 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2015