483 A.2d 495

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Earl CARTER.**

Superior Court of Pennsylvania.

Argued July 10, 1984.

Filed Sept. 18, 1984.

Reargument Denied Nov. 20, 1984.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Donald Bronstein, Assistant Public Defender, Philadelphia, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Philadelphia County granting a motion to suppress evidence in favor of appellee, Earl Carter. We affirm.

■ The sole issue on appeal is whether the lower court erred in granting the motion to suppress evidence. This court has held that the Commonwealth may appeal from an order suppressing evidence if the record shows that the order terminates or substantially handicaps the prosecution. *Commonwealth v. Lapia,* 311 Pa.Super. 264, 457 A.2d 877 (1983). The lower court's decision may be upheld only if the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Brown,* 473 Pa. 562, 375 A.2d 1260 (1977).

On June 8, 1983, at approximately 4:00 a.m., Officer Schu observed appellee walking northbound on Watts Street carrying a large bundle. He intercepted him on Second Street where he was stopped by a trash dumpster. Appellee was attempting to stuff his bundle into a trash bag. Officer Schu noticed "a large mantelpiece-type clock pro-

truding from the bag." (S.N.T. 6) After noticing the clock, Officer Schu "walked a little closer and peered into the top of the bag" (S.N.T. 7) observing a clock, radio cassette player and a camera inside. Officer Schu then asked appellee what he was doing whereupon the latter answered that he was "trashpicking". Officer Schu then removed the items from the bag and examined them closely. Next, Officer Schu frisked appellee and found on his person a walkman-type radio, two watches, a change pouch with approximately $44.00 inside and miscellaneous cash. He handcuffed appellee and arranged for his transport to the police station. Officer Schu then returned to the area where he had first observed appellee and noticed an open window with items strewn under the window. Through it, he observed that the room "appeared to be ransacked." (S.N.T. 10) Officer Schu then rang the doorbell to awaken the residents who subsequently identified the confiscated items as their own.

The lower court held that "the police officer lacked reasonable, articulable grounds to support a suspicion that criminal activity was afoot at the time that he observed and stopped the defendant." Since the stop was concluded to have been unlawful, the lower court suppressed the fruits thereof.

■ A policeman may legally stop a person and question him.

But he may not without a warrant restrain that person from walking away and "search" his clothing, unless he has "probable cause" to arrest that person or he observes such unusual and suspicious conduct on the part of the person who is stopped and searched that the policeman may reasonably conclude that criminal activity may be afoot and that the person with whom he is dealing may be armed and dangerous.

*Commonwealth v. Berrios,* 437 Pa. 338, 340, 263 A.2d 342, 343 (1970).

■ It is unnecessary for us to decide when or whether the officer observed such unusual conduct that he could

have reasonably concluded that criminal activity was afoot at the time of the stop. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Officer Schu's search of appellant and of the contents of the parcel were violative of the restrictions of a "stop and frisk".

■ It appears that Officer Schu conducted a search of appellee's clothing and bag in an attempt to discover contraband. None of the items found on appellant's person could have reasonably been mistaken for weapons. Where probable cause to arrest is absent, the search of a suspect must be limited to a search of the suspect's person for the protection of the officer.

*The basis for a brief search or frisk of a person who has been lawfully detained for questioning short of arrest is based on the personal regard for safety of the police officer detaining the suspicious person.* A search of this nature is the contact or patting down of the outer clothing by the sense of touch to detect a concealed weapon. This type of search is much less an invasion of privacy than a full search of the person would be. We adopt the language in *People v. Rivera,* supra, perhaps the leading case on this subject, when it states, 14 N.Y.2d 441 at 447, 252 N.Y.S.2d 458 at 463, 201 N.E.2d 32 at 35: "And as the right to stop and inquire is to be justified for a cause less conclusive than that which would sustain an arrest, so the right to frisk may be justified as an incident to inquiry upon grounds of elemental safety and precaution which might not initially sustain a search." *This is not to say that in every case the investigating policeman may automatically frisk a suspect for weapons.* Such a frisk must be based on the reasonable belief by the policeman that safety so required. *Such a search must also be limited to the person and his immediate surroundings, and only to the extent necessary to discover any dangerous weapons which may on that occasion be used against the officer.*

*Commonwealth v. Hicks,* 209 Pa.Super. 1, 223 A.2d 873, 877 (1966) (emphasis added).

Moreover, since appellant made no inexplicable sudden movements and there was no evidence of any suspicious bulge in his clothing, it is unclear whether Officer Schu would have had reason to conduct even a limited *Terry* search on a belief that appellee was armed and dangerous. "[T]he arresting officer must be able 'to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.'" *Commonwealth v. Berrios, supra,* 437 Pa. at 341, 263 A.2d at 343, *quoting from Sibron v. New York,* 392 U.S. 40, 64, 88 S.Ct. 1889, 1903, 20 L.Ed.2d 917 (1968).

No further information came to light during the detention or the frisk to justify an arrest, which could have properly included a complete warrantless search. *Commonwealth v. Prengle,* 293 Pa.Super. 64, 437 A.2d 992 (1981). No crime had thus far been reported, nor were any weapons seized from appellee's person.

Accordingly, since the scope of the search far exceeded that justified by the *Terry* standard and since there was no probable cause of appellee's arrest or search incident thereto, we affirm the order of the lower court.

Order affirmed.

WIEAND, J., noted his dissent.