J-S43013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CURTIS FISHER, | |
| Appellant | No. 2224 EDA 2014 |

Appeal from the Judgment of Sentence of July 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009380-2013

BEFORE: GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 19, 2015**

Appellant, Curtis Fisher, appeals from the judgment of sentence entered on July 3, 2014. We affirm.

The factual background of this case is as follows. On July 2, 2013, Officer Dave Palma and Officer Waltman,[1] as part of their normal routine, viewed photographs of males wanted for violent offenses prior to beginning their shift. At approximately 8:25 p.m., Officers Palma and Waltman observed Appellant in the 2400 block of Elkhart Street. Officer Palma believed Appellant resembled Steven Giddings, an individual wanted on homicide charges.

When Officers Palma and Waltman approached Appellant, he stated "What? You all coming for me? I didn't do nothing. What you want with

_____

[1] Officer Waltman's given name does not appear in the certified record.

me?" Appellant began to retreat by walking backwards. Officer Palma then noticed a bulge in Appellant's pants pocket which resembled a firearm. Officers Palma and Waltman ordered Appellant to stop. Eventually, he did surrender himself and laid on the ground. Although Appellant resisted their attempts at frisking him, Officers Palma and Waltman recovered a firearm and marijuana from Appellant's person.

The relevant procedural history of this case is as follows. On August 1, 2013, Appellant was charged via criminal information with possession of a firearm by a prohibited person,[2] carrying a firearm without a license,[3] carrying a firearm on the streets of Philadelphia,[4] resisting arrest,[5] possession of marijuana,[6] and possession of drug paraphernalia.[7] On September 4, 2013, Appellant filed his omnibus pretrial motion, which included a suppression motion. On January 2, 2014, a suppression hearing was held. At the conclusion of that hearing, the suppression court denied Appellant's suppression motion. On April 21, 2014, Appellant proceeded to a stipulated bench trial. He was found guilty of possession of a firearm by a

---

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] 18 Pa.C.S.A. § 6106(a)(1).

[4] 18 Pa.C.S.A. § 6108.

[5] 18 Pa.C.S.A. § 5104.

[6] 35 P.S. § 780-113(a)(31).

[7] 35 P.S. § 780-113(a)(32).

prohibited person. The remaining charges were *nolle prossed*. On July 3, 2014, Appellant was sentenced to three to six years' imprisonment. This timely appeal followed.[8]

Appellant presents one issue for our review:

Where [Appellant] was detained and searched solely on the basis of a wanted poster which depicted someone else and evidence of a bulge in his pockets, [was] such detention and search [] unsupported by reasonable suspicion or probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution and therefore should not the gun and other physical evidence subsequently seized by police have been suppressed?

Appellant's Brief at 3.

Our "standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Garibay**, 106 A.3d 136, 138 (Pa. Super. 2014) (citation omitted). "[O]ur scope of review is limited to the factual findings and legal conclusions of the suppression court." **In re L.J.**, 79 A.3d 1073, 1080 (Pa. 2013) (citation omitted). "We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read

---

[8] On July 30, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On September 18, 2014, Appellant filed his concise statement. On October 30, 2014, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

in the context of the record as a whole." ***Commonwealth v. Gary***, 91 A.3d 102, 106 (Pa. 2014) (citation omitted).

"Both the Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures." ***Commonwealth v. Perel***, 107 A.3d 185, 198 (Pa. Super. 2014) (citation omitted). "To safeguard these rights, courts require police to articulate the basis for their interaction with citizens in three increasingly intrusive situations." ***Commonwealth v. Clemens***, 66 A.3d 373, 378 (Pa. Super. 2013) (internal alterations, quotation marks, and citation omitted).

> The first of these is a mere encounter (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an investigative detention must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or custodial detention must be supported by probable cause.

***Commonwealth v. Ranson***, 103 A.3d 73, 76-77 (Pa. Super. 2014) (internal alteration, quotation marks, and citation omitted). The burden is on the Commonwealth to prove, by a preponderance of the evidence, that the evidence seized from Appellee was legally obtained. ***Commonwealth v. Enimpah***, 106 A.3d 695, 701 (Pa. 2014).

We agree with the trial court that the interaction between Appellant and the police officers was a mere encounter prior to Officer Palma

observing a bulge in Appellant's pocket. The police officers were merely walking towards Appellant when he began speaking and they observed the bulge in his pocket. Prior to this observation, Appellant was under no obligation to stop or to speak with the officers. Thus, it was a mere encounter. **See Commonwealth v. Coleman**, 19 A.3d 1111, 1116 (Pa. Super. 2011) (citations omitted) ("Both the United States and Pennsylvania Supreme Courts have held that the approach of a police officer followed by questioning does not constitute a seizure.").

Appellant's reliance on **United States v. Hensley**, 469 U.S. 221 (1985), is inapposite. In **Hensley**, the Supreme Court of the United States addressed a situation in which an investigative detention was conducted merely for the purposes of investing a completed crime. Appellant's reliance on **Commonwealth v. Queen**, 639 A.2d 443 (Pa. 1994) and **Commonwealth v. Stevenson**, 832 A.2d 1123 (Pa. Super. 2003), is similarly inapposite. **Queen** and **Stevenson** addressed when police officers may rely on a fellow officer's information to provide reasonable suspicion for an investigative detention. In this case, as discussed above, no such investigative detention occurred until the police officers viewed the bulge in Appellant's pocket. Prior to that time, the interaction between Appellant and the police officers was a mere encounter.

Once Officer Palma viewed the bulge in Appellant's pocket, he had reasonable suspicion to perform an investigative detention of Appellant and

perform a protective frisk pursuant to **Terry v. Ohio**, 392 U.S. 1 (1968). **Commonwealth v. Hall**, 929 A.2d 1202, 1207 (Pa. Super. 2007), *citing* **Commonwealth v. Stevenson**, 894 A.2d 759, 769 (Pa. Super. 2006) ("When a police officer observes a concealed weapon upon a person in the public sphere, an investigatory stop is a reasonable response."); **Commonwealth v. E.M.**, 735 A.2d 654, 660 (Pa. 1999), *citing* **Commonwealth v. Hicks**, 253 A.2d 276, 279 (Pa. 1969) (officer had probable cause to frisk individual for weapons upon observing bulge that he believed to be a firearm); **Commonwealth v. Jackson**, 519 A.2d 427, 431 (Pa. Super. 1986), *citing* **Commonwealth v. Carter**, 483 A.2d 495, 497 (Pa. Super. 1984) (police had reasonable suspicion for frisk when they observed "presence of suspicious bulges in a suspect's clothing"). Therefore, the entire interaction between the police officers and Appellant was lawful. Accordingly, the suppression court properly denied Appellant's suppression motion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015