**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Corey Lamont BOULWARE, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 2004.
Filed May 25, 2005.

Douglas J. Waltman, Assistant District Attorney, Reading, for Commonwealth

Andrea E. Mertz, Reading, for appellee.

Before: STEVENS, McCAFFERY, and TAMILIA, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, appeals from the order entered by the Honorable Jeffrey K. Sprecher of the Berks County Court of Common Pleas, granting a defense motion to suppress an item of physical evidence.[1] Specifically, the Commonwealth asks us to determine whether the suppression court acted properly in suppressing the admission at trial of an item of clothing seized by police, on the basis that Appellee's arrest allegedly had been illegal. Having carefully examined the record, we hold that the suppression court committed an error by improperly and prematurely placing the burden on the Commonwealth to justify its seizing of the evidence without having first required that Appellee demonstrate his standing to pursue the motion to suppress and establish a legitimate expectation of privacy. Thus, we reverse and remand for further proceedings.

¶ 2 The factual and procedural background, as summarized by the suppression court and as supported by the certified record on appeal, is as follows. On November 26, 2003, a man committed an armed robbery of a retail store in Reading. An investigation revealed that a latent fingerprint lifted from the store matched one of Appellee's. As a result, Appellee was arrested and subsequently identified as the robber by both persons who had been

---

**1.** In its notice of appeal, the Commonwealth certified, in compliance with Pa.R.A.P. 311(d), that the ruling substantially handicapped its prosecution of the case. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). We may thus reach the merits of the appeal.

working in the store at the time of the robbery. Appellee filed an omnibus pretrial motion which included, in pertinent part, a motion to suppress all physical evidence seized based on what Appellee alleged was an illegal arrest, and a motion to suppress identification. Appellee alleged that his arrest was tainted by an illegal wiretap and by a pretextual detention, and that he was arrested pursuant to a warrantless entry into his home. He sought suppression of all physical evidence, specifically a dark gray sweatshirt. (Omnibus Pretrial Motion for Relief, 3/4/04, at ¶ 16–18).

¶ 3 The Commonwealth presented six witnesses at a pretrial hearing, all of whom testified concerning the circumstances of the robbery and the processes by which Appellee had been identified as the person responsible. However, no witness testified regarding Appellee's arrest, nor did the Commonwealth produce evidence either of a search warrant or of an order permitting a wiretap. As Appellee presented no evidence at the pretrial hearing, the suppression court heard no evidence of any nature concerning the manner by which the dark gray sweatshirt had come into the possession of the police. On March 22, 2004, the suppression court granted Appellee's motion to suppress physical evidence, but denied his motion to suppress identification. The Commonwealth timely appealed, and raises one issue for our review:

WHETHER THE [SUPPRESSION] COURT ERRED BY GRANTING A MOTION TO SUPPRESS A DARK GRAY SWEATSHIRT, BASED ON AN ILLEGAL ARREST, WHERE THERE ARE NO FACTS ON RECORD TO SUPPORT [APPELLEE'S] ALLEGATION OF ILLEGALITY?

(Commonwealth's Brief at 4).

¶ 4 Our well-settled standard of review in such a situation has recently been articulated as follows:

When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts. *Commonwealth v. Keller*, 823 A.2d 1004, 1008 (Pa.Super.2003), *appeal denied*, 574 Pa. 765, 832 A.2d 435 (2003) (citation omitted).

*Commonwealth v. Chernosky*, 874 A.2d 123, 125 (PaSuper.2005) (*en banc*) (quoting *Commonwealth v. Gaul*, 867 A.2d 557, 559 (Pa.Super.2005)).

¶ 5 The Commonwealth argues that the suppression court erred in granting the motion to suppress physical evidence because the court improperly placed the burden on the Commonwealth to demonstrate that the dark gray sweatshirt had been seized pursuant to a valid search warrant or an established exception to a warrantless search. (Commonwealth's Brief at 8–10.) We agree that the burden was misplaced.

¶ 6 A defendant seeking suppression of seized evidence has the initial burden of establishing standing and a legitimate expectation of privacy in the area searched or the items seized. *Commonwealth v. Hawkins*, 553 Pa. 76, 80–81, 718 A.2d 265, 267 (1998); *Commonwealth v. Black*, 758 A.2d 1253, 1257 (Pa.Super.2000). An accused may demonstrate standing by presenting evidence of any one

of the following four elements: 1) his presence on the premises at the time of the search and seizure; 2) a possessory interest in the evidence seized; 3) that the offense charged includes possession as an essential element; or 4) a proprietary or possessory interest in the searched premises. *Id.* It is also incumbent upon the defendant to demonstrate a subjective expectation of privacy in the premises on the date of the search. *Commonwealth v. Torres,* 564 Pa. 86, 105–06, 764 A.2d 532, 543 (2001); *Commonwealth v. Perea,* 791 A.2d 427, 429 (Pa.Super.2002).

¶ 7 On the basis of our careful review, we conclude that the suppression court committed legal error in equating Appellee's *allegations* concerning a warrantless entry into his home with an actual demonstration by the Appellee that he had standing and a subjective expectation of privacy in the premises which were searched. Absent some such showing, the burden never shifted to the Commonwealth to show that the evidence was properly seized. Before any potential evidentiary deficiencies may redound to Appellee's benefit, Appellee must take that first and ineluctable step to demonstrate that he could properly pursue a motion to suppress. Where, as here, Appellee entirely failed to show that he could do so, any deficiencies in the evidence identified by the suppression court are of no help or moment to Appellee. Mere compliance with Pa.R.Crim.P. 581(D)'s requirement that an accused who seeks to suppress evidence shall state specifically the evidence and grounds for suppression, does not relieve Appellee of the crucial additional burden of presenting evidence in court

to show his standing and expectation of privacy. Any shifting of the burden onto the Commonwealth of going forward with evidence pursuant to Pa.R.Crim.P. 581(H), can not occur *until and unless* an accused has made a preliminary showing of his standing and expectation of privacy. *See Perea, supra* at 429.[2]

¶ 8 For the foregoing reasons, we conclude that the suppression court did commit error in granting the motion to suppress physical evidence. Accordingly, we reverse and remand the case for further proceedings.

¶ 9 Order reversed. Case remanded. Jurisdiction relinquished.

---

2. Appellee's suggestion that the Commonwealth has waived the issue articulated in its brief is without merit. We have compared the issue set forth in Appellant's concise statement of matters complained of on appeal, filed pursuant to Pa.R.A.P.1925(b), with the statement of question involved in Appellant's Brief, and find that the issue raised on appeal was properly preserved for appellate review.