**[J-38-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 84 MAP 2013 |
| | : |
| Appellant | : Appeal from the Order of the Superior |
| | : Court entered February 6, 2013, |
| | : reconsideration denied April 11, 2013, at |
| v. | : No. 125 MDA 2012 which Affirmed the |
| | : Order of Lebanon County Court of |
| | : Common Pleas, Criminal Division, entered |
| ANDREW KEITH ENIMPAH, | : January 4, 2012 at No. |
| | : CP-38-CR-0001362-2011. |
| Appellee | : |
| | : ARGUED:  May 7, 2014 |

**OPINION**

**MR. JUSTICE EAKIN**                                    **DECIDED:   December 29, 2014**

Does a motion to suppress evidence demand proof by the accused of a reasonable expectation of privacy in the area in which the evidence is found before the Commonwealth's burden of production is triggered?   Here, the Commonwealth refused to present any evidence at appellee's suppression hearing, claiming its obligation was not in force until appellee met this "threshold" burden.   The trial court accordingly suppressed the evidence; the Superior Court affirmed.   We affirm that decision and reiterate that which should now be clear: "In all cases, the burden of production is [] upon the Commonwealth."   Pa.R.Crim.P. 581 cmt.

Appellee was a passenger in a car stopped by police; he was asked to step out of the vehicle, and as he did so, a plastic bag fell from his lap.   The driver consented to a search of the car and police seized the bag, which contained cocaine; naturally, all

occupants denied knowledge of the bag, but appellee was charged. He moved to suppress, challenging the constitutionality of the detention that led to the search. At the suppression hearing, the prosecutor refused to offer evidence until appellee met the "threshold" stated above. After much debate, the trial court informed the prosecutor it would be obliged to grant the motion if she failed to present any evidence. The prosecutor maintained her position, stating, "If I'm wrong[,] the [a]ppellate courts will tell me that[;] then I will respect that decision." N.T. Suppression Hearing, 1/4/12, at 13.

The Superior Court noted Pa.R.Crim.P. 581 requires a defendant to plead a suppression motion with sufficient particularity to frame the issue(s). The court noted our decision in Commonwealth v. Millner, 888 A.2d 680 (Pa. 2005), held a defendant must show a legitimate privacy interest to "'prevail upon a suppression motion[.]'" Commonwealth v. Enimpah, 62 A.3d 1028, 1032 (Pa. Super. 2013) (emphasis added) (quoting Millner, at 692). However, the court observed the burdens of production and persuasion are both on the Commonwealth, and rejected the Commonwealth's contention that the absence of such proof means "the burden never shifts to the Commonwealth to establish the lawfulness of the police conduct." Id. (citation, emphasis, and internal quotation marks omitted).

Moreover, the court emphasized that Pennsylvania's automatic standing rule involves a defendant's "right to have the merits of his suppression motion adjudicated without a preliminary showing of ownership or possession in the premises or effects seized." Id. (citation, emphasis, and internal quotation marks omitted). Thus, the court affirmed the suppression order, holding that when a defendant properly presents a suppression motion, "it is not enough for the Commonwealth to simply sit on its hands as it did here, but rather it must meet a burden of production, and bring its evidence before the suppression court, which can then make a fully informed decision." Id., at 1033.

The Commonwealth sought allowance of appeal; we granted review to consider when the Commonwealth's burden of production is triggered. The Commonwealth acknowledges that these are possessory offenses, giving appellee automatic standing, and further concedes it bears both the burden of production and the burden of persuasion. However, the Commonwealth contends that "[a]bsent a showing of a reasonable expectation of privacy in an area searched or items seized, the burden never shifts to the Commonwealth to establish the lawfulness of the police conduct." Commonwealth's Brief, at 15 (citations omitted).

The Commonwealth observes Millner at one point characterized the defendant's burden to show a legitimate privacy interest as a "preliminary" one, a term it then defines as "'coming before and usually forming a necessary prelude to something else.'" Id., at 20. The Commonwealth further notes the Millner Court stated "'there was no need for the Commonwealth to establish the lawfulness of the police entry into the vehicle and the seizure of the [evidence], and there was no basis upon which the lower courts could properly order its suppression[,]'" when nothing in the evidence of the Commonwealth or the defendant showed the defendant had a legitimate expectation of privacy in the area searched. Id., at 15 (alteration in original) (citation omitted). The Commonwealth also cites Commonwealth v. Boulware, 876 A.2d 440 (Pa. Super. 2005), where the Superior Court held, "Any shifting of the burden onto the Commonwealth of going forward with evidence pursuant to Pa.R.Crim.P. 581(H), can not occur until and unless an accused has made a preliminary showing of his standing and expectation of privacy." Id., at 443 (citation omitted). The Commonwealth contends that since the "situation present here is exactly like that presented in Boulware[, t]he result must be the same." Commonwealth's Brief, at 21.

Appellee concedes he must establish he had a reasonable expectation of privacy to ultimately succeed but contends it is not a threshold issue that must be established before the Commonwealth's burden of production is triggered. Rather, he argues the "reasonable expectation of privacy" issue is part of the merits analysis conducted after the parties have presented their evidence. Appellee's Brief, at 9 (noting Millner concluded expectation of privacy must be proven to "prevail" on suppression motion). He suggests Millner and Boulware are distinguishable because in those cases, the Commonwealth actually presented evidence, allowing the suppression court to reach the merits of the privacy expectation inquiry.

Further, appellee maintains that adopting the Commonwealth's interpretation would, in many cases, conflict with a defendant's right to remain silent under the Pennsylvania and United States Constitutions. He contests the Commonwealth's argument that a defendant can establish a reasonable expectation of privacy through the testimony of others, noting this argument, while not inconceivable, would not apply in all scenarios. Appellee suggests the burden on the Commonwealth "is not great or overly burdensome," and notes the trial court gave the prosecutor repeated notice that he would suppress the evidence if she failed to call any witnesses. Id., at 12-13.

Generally, to have standing to pursue a suppression motion under Pa.R.Crim.P. 581, the defendant's own constitutional rights must have been infringed. However, it is well settled that a defendant charged with a possessory offense in this Commonwealth has "automatic standing" because "the charge itself alleges an interest sufficient to support a [] claim [under Article I, § 8]." Commonwealth v. Sell, 470 A.2d 457, 468 (Pa. 1983) (citation and internal quotation marks omitted). This rule entitles a defendant to a review of the merits of his suppression motion without a preliminary showing of ownership or possession in the premises or items seized, Commonwealth v. Peterson, 636 A.2d

615, 617 (Pa. 1993), and as noted above, the Commonwealth does not challenge appellee's standing. In addition to standing, though, a defendant must show that he had a privacy interest in the place invaded or thing seized that society is prepared to recognize as reasonable. Commonwealth v. Hawkins, 718 A.2d 265, 267 (Pa. 1998) (citation omitted).

While cursorily similar, standing and privacy interest are different concepts serving different functions. Standing is a legal interest that "empowers a defendant to assert a constitutional violation and thus seek to exclude or suppress the government's evidence pursuant to the exclusionary rules under the Fourth Amendment of the United States Constitution or Article 1, Section 8 of the Pennsylvania Constitution." Id., at 266 (citations omitted). It ensures a defendant is asserting a constitutional right of his own. See id., at 269 (citations omitted) (noting this Court's refusal to recognize vicarious assertions of constitutional rights). The expectation of privacy is an inquiry into the validity of the search or seizure itself; if the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, § 8 is implicated. See Commonwealth v. White, 327 A.2d 40, 42 (Pa. 1974). In essence, while a defendant's standing dictates when a claim under Article I, § 8 may be brought, his privacy interest controls whether the claim will succeed — once a defendant has shown standing, "[h]e must, in short, having brought his claim, demonstrate its merits by a showing of his reasonable and legitimate expectation of privacy in the premises." Peterson, at 618 (citation omitted).

As noted supra, the Commonwealth relies on the Superior Court's decision in Boulware to support its contention that the defendant's burden to establish his privacy interest temporally precedes its burden of production. It maintains the result here must be the same as the situation is "exactly like" that in Boulware. Commonwealth's Brief, at 21. This argument is without merit, and we of course are not bound by precedent from

a panel of the Superior Court. In Boulware, the defendant was charged with robbery and filed a motion to suppress evidence, which included a sweatshirt seized from his home. At the suppression hearing, he presented no evidence, and had no automatic standing as robbery was not a possessory crime. The Commonwealth presented no evidence pertaining to his arrest or seizure of the sweatshirt — accordingly, the trial court suppressed the evidence, and the Superior Court reversed, noting, inter alia, the defendant had not shown standing.

The Commonwealth is correct that the Boulware panel opined that a defendant must prove his privacy interest before the Commonwealth's burden of production is triggered — for the reasons discussed infra, that holding is disapproved. Regardless, the error was harmless, as the defendant was not entitled to reach the merits of his suppression claim because he failed to establish standing. Thus, this case is not "exactly like" or analogous to Boulware. Moreover, Boulware preceded our decision in Millner,[1] after which the Superior Court recognized, "Whether [a] defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion … made upon evaluation of the evidence presented by the Commonwealth and the defendant." Commonwealth v. Burton, 973 A.2d 428, 435 (Pa. Super. 2009) (en banc) (citation omitted).

In Millner, the defendant filed a motion to suppress the evidence behind possessory charges involving cocaine and a firearm. The arresting officer, investigating reports of gunfire, saw the defendant place a handgun in a car, and saw an accomplice throw a bag on the ground containing what was determined to be drugs. After finding the drugs, the officers searched the defendant, discovering 41 packets of cocaine. An

---

[1] Though Peterson made clear that the defendant's privacy interest involved the merits of a suppression claim, the Superior Court did not find this fact significant to the allocation of burdens and the presentation of evidence until our decision in Millner.

officer found the handgun in plain view, and testified nothing in the car appeared to belong to the defendant, nor did the defendant have a key to the car, which was not registered to him. The defendant testified to his version of events, but provided no testimony suggesting any connection to the vehicle, instead stating it belonged to his cohort.

The Commonwealth argued the defendant failed to demonstrate a reasonable expectation of privacy in the vehicle, but the trial court granted the suppression motion. The Superior Court affirmed, finding the defendant's testimony credibly showed police had no probable cause or reasonable suspicion to arrest or search him, his cohort, or the vehicle. Millner, at 685. While it conceded the defendant had no reasonable expectation of privacy, the court opined it need not address that argument because the Commonwealth failed to show a possessory connection between the defendant and the firearm.[2] Id.

On appeal, we noted it was undisputed that the gun came from the vehicle and the defendant offered no evidence to establish a reasonable expectation of privacy therein:

> [I]nstead, he stated that the vehicle was not his, but was owned by Kenny Parker. [The defendant] did not claim that he had a right to use or access the vehicle, or to exclude others (such as the police) from it. Moreover, the Commonwealth's uncontradicted evidence demonstrated that the vehicle was registered to someone other than [the defendant] (or Parker) and that no key, papers or other identification were found which would have indicated that [the defendant] had any legitimate connection to the vehicle.

Id., at 686. We observed that "a defendant cannot prevail upon a suppression motion unless he demonstrates that the challenged police conduct violated his own, personal privacy interests." Id., at 692. Accordingly, we found the Superior Court erred in

---

[2] The court also reasoned, "'But for the illegal detention and search of [the defendant,] the police would never have searched the vehicle at all. The search of the vehicle was a mere extension of the already illegal search.'" Id.

deeming it unnecessary to assess whether the defendant had a protected privacy interest. Id., at 693-94.

The Commonwealth contends the Millner Court's characterization of the burden as "preliminary" signifies it must precede the presentation of other evidence. See id., at 686, 689 (referring to "defendant's preliminary burden" (citations omitted)). At first blush, without proper context, the word "preliminary" might support the Commonwealth's position. See id., at 692 (noting that where there was no evidence establishing defendant's privacy interest, "there was no need for the Commonwealth to establish the lawfulness of the police entry into the vehicle and the seizure of the firearm, and there was no basis upon which the lower courts could properly order its suppression" (citation omitted)); Hawkins, at 268 n.3 ("[O]ur cases place the burden squarely upon the defendant seeking suppression to establish a legitimate expectation of privacy as an essential element of his case[.]"); Peterson, at 618 ("Without such expectation of privacy, police entry into the store front would have constituted no intrusion, and the exigent circumstances which are posited to justify police action need not be advanced.").

However, "preliminary" in context refers to analytical order, not a temporal order of proof. Privacy expectations are "preliminary" in the sense that their absence renders all that follows irrelevant. Indeed, in all of these cases, the Commonwealth presented evidence sufficient to allow disposition of the defendant's claim — in each case, the Commonwealth's evidence showed the defendant lacked any protected privacy interest, and the defendant failed to effectively rebut that evidence. We were not dealing with the peculiar situation in which the Commonwealth refused to call a single witness.[3] Rather, each case dealt with the court's post-hearing analysis of a claim's merits and the

---

[3] In fact, this Court has characterized the situation presently before us as "virtually inconceivable." Commonwealth ex rel. Butler v. Rundle, 239 A.2d 426, 428 (Pa. 1968).

significance of a defendant's privacy interest in conducting that inquiry.[4]  None of these cases involved the order in which evidence is presented, or the shifting of burdens, and one should not read them as commenting on those issues.

Unlike these cases, there was no evidence presented whatsoever — here, neither party called a single witness.  Consequently, the court was forced to decide the motion based solely on which party bore the burden of production, the burden of "going forward with the evidence," which, as the Superior Court noted, are basically synonymous terms. The allocation of that burden is clear — the Commonwealth must prove the constitutional rights of the accused were not violated by the search.  The allegation is that unlawful detention led to the search, but if the evidence shows there was no expectation of privacy in the area searched, the prosecution has met its burden and need not go further.  The lawfulness of the detention becomes irrelevant, as constitutional error cannot inure to the benefit of the expectation-less accused.  To overcome that result, the accused has the burden of showing such an expectation did exist.  If the accused does so, the search is again at issue, and the prosecution must prove its constitutionality.

To be sure, under our jurisprudence, the defendant bears the burden of persuasion with respect to his privacy interest.  See Commonwealth v. Gordon, 683 A.2d 253, 256 (Pa. 1996) (citation omitted).[5]  However, the defendant's ability to meet this burden is not a prerequisite to the Commonwealth's initial burden of production, a burden

---

[4] For example, in Millner, given the Commonwealth's uncontradicted evidence showing the defendant had no expectation of privacy in the vehicle, we concluded the defendant could not prevail on the merits of his motion and, as a result, "there was no need for the Commonwealth to establish the lawfulness of the police [conduct,]" Millner, at 692 (citation omitted), i.e., it did not matter whether the Commonwealth had ultimately proven that its evidence was obtained through legal means.

[5] This is a judicially created exception to the general rule that the burden of persuasion is on the Commonwealth, and appellee does not argue for its abandonment.

it must satisfy in all cases. See Pa.R.Crim.P. 581 cmt. Rule 581(H) clearly states it is the Commonwealth's burden to present evidence that the defendant's constitutional rights were not infringed. The Commonwealth may concede the privacy interest, choosing to contest only the legality of police conduct; if it does so, the defendant's "reasonable expectation of privacy" need not be established. However, if the evidence of the Commonwealth, the party with the burden of production, shows the defendant lacked such a privacy interest, the burden of establishing the contrary is on the defendant.

While we reject the Commonwealth's interpretation of the "preliminary" nature of this burden, it is worth noting that in analyzing the merits of a suppression motion, the trial court may, indeed, treat the defendant's privacy interest as a "threshold" or "preliminary" matter. That is to say, if the evidence shows there was no privacy interest, the Commonwealth need prove no more; in terms of the court's review, it need go no further if it finds the defendant has not proven a reasonable expectation of privacy. However, as it relates to the parties' presentation of evidence, our cases and the Rules of Criminal Procedure make clear that the Commonwealth has the burden of production, to give the court evidence allowing that conclusion. Once it places the issue before the court, as a basis for denying suppression, the defendant may prove the contrary.[6] If that proof is found to meet defendant's burden, then the search itself may be examined with the burden on the prosecution to show it was not unconstitutional.

Our decision today is consistent with our reasoning in Sell. There, we refused to follow the United States Supreme Court's abandonment of the automatic standing

---

[6] Although the defendant will typically present his own evidence to satisfy this burden, he is not required to do so. Indeed, he may succeed without presenting any evidence at all. See 6 Wayne R. LaFave, Search & Seizure § 11.2(b), at 50 (5th ed. 2012) (noting "even if the burden of proof is on one party, it may happen that the burden is actually met in a particular case by evidence given by the other party").

doctrine in <u>United States v. Salvucci</u>, 448 U.S. 83, 95 (1980). The same day <u>Salvucci</u> was filed, the High Court released its decision in <u>Rawlings v. Kentucky</u>, 448 U.S. 98 (1980), where it refined the standard articulated in <u>Rakas v. Illinois</u>, 439 U.S. 128 (1978), and merged the requirement of standing, which it defined as the "reasonable expectation of privacy," into the merits of a Fourth Amendment claim, <u>see</u> <u>id.</u>, at 139 ("[W]e think the better analysis forthrightly focuses on the extent of a particular defendant's rights under the Fourth Amendment, rather than on any theoretically separate, but invariably intertwined concept of standing."). This Court "decline[d] to undermine the clear language of Article I, [S]ection 8 by making the Fourth Amendment's amorphous 'legitimate expectation of privacy' standard a part of our state guarantee against unreasonable searches and seizures." <u>Sell</u>, at 468. We did so:

> not only because we f[ound] the United States Supreme Court's analytical distinction between "standing" and "threshold substantive question," unhelpful to our interpretation of Article I, [S]ection 8's protection, but also because we believe[d] the United States Supreme Court's current use of the "legitimate expectation of privacy" concept needlessly detracts from the critical element of unreasonable governmental intrusion.

<u>Id.</u> (internal citation omitted).

In this case, we are not asked to review the propriety of requiring defendants to establish a "legitimate expectation of privacy" before they can succeed on a motion to suppress that has been properly contested by the Commonwealth. Appellee concedes this point and does not ask us to revisit it.[7] However, we cannot ignore the clear import

---

[7] A concurrence in <u>Commonwealth v. Peterson</u>, 596 A.2d 172 (Pa. Super. 1991), <u>aff'd</u> <u>by</u> 636 A.2d 615 (Pa. 1993), opined <u>Sell</u> "direct[ed] that a review shall be made of the reasonableness of a governmental intrusion even in cases where the particular defendant's rights were <u>not</u> affected not by the intrusion itself[,]" noting the rationale for the <u>Sell</u> decision was "that respect for the particular defendant's 'legitimate expectation of privacy' (the focus of <u>Rakas</u>) is not the <u>only</u> reason justifying inquiry in these cases: [under] Article I, § 8, there also is an abiding interest to ensure review of the 'critical element' of whether the governmental intrusion was unreasonable." <u>Id.</u>, at 187 (continued…)

of the <u>Sell</u> decision: our state constitution does not allow for a "reasonable expectation of privacy" inquiry to serve as a prerequisite to bringing a motion to suppress evidence before the court.  Were we to adopt the position of the Commonwealth, <u>Sell</u> would be nullified, as the Commonwealth could merely "sit on its hands," as it did here, and force the defendant to testify to his connection to the contraband or the area searched.

A criminal defendant with standing to pursue a motion to suppress in this Commonwealth has a right to compel the prosecution to prove its evidence was not obtained in violation of his constitutional rights, without having to present evidence of his own.  If the Commonwealth shows he lacks a reasonable expectation of privacy, it need do no more, absent proof to the contrary from the accused himself.  Where the Commonwealth cannot, or will not, present any evidence at all, the defendant's motion must be granted, regardless of whether he could ultimately establish a reasonable expectation of privacy.[8]

Accordingly, we affirm the ruling of the Superior Court.

Order affirmed; case remanded; jurisdiction relinquished.

---

(…continued)
(Hoffman, J., concurring) (citation omitted).  This Court rejected this analysis, stating it "failed to distinguish between the necessity for a preliminary demonstration of proprietary or possessory interest, a necessity which does not exist in Pennsylvania, and the necessity of demonstrating the merits of a suppression claim."  <u>Peterson</u>, at 618.  In <u>Millner</u>, we reviewed <u>Sell</u> on this point and found <u>Peterson</u> and later cases made clear a defendant charged with a possessory offense must still establish a reasonable expectation of privacy.  <u>Millner</u>, at 690-92.

[8] <u>See</u> Ronald J. Allen, <u>Burdens of Proof, Uncertainty, and Ambiguity in Modern Legal Discourse</u>, 17 Harv. J.L. & Pub. Pol'y 627, 640 (1994) ("Assume that party A has the burden of production and persuasion on some fact X, and that neither party has any evidence relevant to that fact.  If the burden of persuasion on fact X is shifted to party B, party A still has the burden of production.  But party A has no evidence of X.  Consequently, party A cannot meet its burden of production and will lose, even though party B could not possibly meet its burden of persuasion.").

Former Justice McCaffery did not participate in the decision of this case.

Mr. Chief Justice Castille, Mr. Justice Baer, Madame Justice Todd and Mr. Justice Stevens join the opinion.

Mr. Justice Saylor files a concurring opinion, footnote 2 of which is joined by Mr. Chief Justice Castille.