J-S19010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JERNELL L. POUGH | : | |
| | : | |
| Appellant | : | No. 1191 MDA 2016 |

Appeal from the Judgment of Sentence July 8, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004718-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 19, 2017**

Appellant, Jernell L. Pough, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his stipulated bench trial convictions for possession of a small amount of marijuana for personal use and possession of drug paraphernalia.[1]  We affirm.

In its opinion, the trial court set forth the relevant facts of this case as follows:

> On the night of July 7, 2015, Officer Tyler Zehring ("Officer Zehring") was patrolling the 500 block of Canal Street when he noticed a vehicle riding the solid double yellow lines and [with] illegal tinted rear taillights.  Officer Zehring turned on his lights and attempted to pull over the vehicle in a safe location.  The vehicle proceeded for

_____

[1] 35 P.S. § 780-113(a)(31)(i), (32).

_____

*Former Justice specially assigned to the Superior Court.

another three (3) blocks and pulled over next to a guardrail. As Officer Zehring was pulling over the suspect vehicle, he noticed a lot of sudden movement. The driver of the vehicle was, Tre Piper, and a passenger in the vehicle was Appellant….[2] [Appellant] was sitting in the back seat. Mr. Piper had no outstanding warrants and was asked to step outside of the vehicle to speak with the officer. Officer Zehring explained to Mr. Piper the reason why he was asked to exit the vehicle (due to signs of impairment). Officer Zehring proceeded to give Mr. Piper a portable breath test and the results came back zero.

At this point, Officer Zehring gives Mr. Piper back his identification, gives him a warning, and tells him that he was free to leave. Officer Zehring, while standing with the door to his patrol vehicle open, decided to ask Mr. Piper one more question. Mr. Piper responded, "[S]ure." Officer Zehring asked if there was anything in the vehicle that he should be made aware of. Mr. Piper replied that there was a scale left by a female [who] had been a passenger in his vehicle. Officer Zehring proceeded to ask for consent to search the vehicle and Mr. Piper consented to [the] search. The search of the vehicle produced a scale, [loose] marijuana, and a marijuana "roach." The scale was found underneath the front seat. A marijuana blunt was found inside of Appellant's shoe.[3]

(Trial Court Opinion, filed September 30, 2016, at 2-3) (internal footnotes omitted).

Procedurally, the Commonwealth charged Appellant with possession of a small amount of marijuana and possession of drug paraphernalia.

---

[2] Appellant and Mr. Piper were co-defendants at trial. Mr. Piper filed an appeal at docket No. 1189 MDA 2016.

[3] Police found the marijuana blunt in Appellant's shoe after conducting a search incident to arrest based on Appellant's constructive possession of the drugs and drug paraphernalia discovered in Mr. Piper's vehicle.

Appellant filed a suppression motion on December 24, 2015. The court held a suppression hearing on February 19, 2016. On March 28, 2016, the court denied the motion to suppress. Appellant proceeded to a stipulated bench trial on July 8, 2016, after which the court convicted him of possession of a small amount of marijuana for personal use and possession of drug paraphernalia. The court sentenced Appellant that day to concurrent terms of 30 days' probation for each offense, plus fines and costs. Appellant timely filed a notice of appeal on July 19, 2016. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on August 3, 2016.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE OBTAINED AS THE RESULT OF AN ILLEGAL DETENTION UNSUPPORTED BY PROBABLE CAUSE, REASONABLE SUSPICION, OR ANY ARTICULABLE BASIS IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION?

(Appellant's Brief at 5).[4]

---

[4] The Commonwealth claims Appellant waived his issue on appeal due to vagueness in Appellant's Rule 1925(b) statement. The court had no doubt about what Appellant sought to challenge on appeal and adequately addressed Appellant's issue in its opinion. Thus, we decline to find waiver. *See Commonwealth v. Laboy*, 594 Pa. 411, 936 A.2d 1058 (2007) (holding appellate court should conduct merits review of claim on appeal notwithstanding vagueness in Rule 1925(b) statement, where case was

*(Footnote Continued Next Page)*

"Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Williams***, 941 A.2d 14, 26 (Pa.Super. 2008) (*en banc*) (quoting ***Commonwealth v. Jones***, 874 A.2d 108, 115 (Pa.Super. 2005)).

> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

***Williams, supra*** at 27 (quoting ***Jones, supra***).

Appellant argues Officer Zehring's "second round" of questioning Mr. Piper constituted an investigative detention or the functional equivalent of an arrest, because no reasonable person would have believed he was free to leave the scene. Appellant asserts Officer Zehring lacked any reasonable articulable basis to conclude illegal activity had occurred or was occurring at the time he re-engaged Mr. Piper. Appellant maintains Officer Zehring did not smell alcohol emanating from Mr. Piper's vehicle or see any illegal drugs or paraphernalia in Mr. Piper's vehicle. Appellant highlights that neither he nor Mr. Piper acted overly nervous. Appellant does not dispute the validity

*(Footnote Continued)* ————————

relatively straightforward and trial court readily understood and addressed claim in substantial detail in its opinion).

of the initial traffic stop, due to Mr. Piper's violations of the Motor Vehicle Code. Appellant suggests the officer's suspicions that Mr. Piper might have been impaired were dispelled once the portable breath test confirmed Mr. Piper's blood alcohol level was zero. Given these circumstances, Appellant insists Officer Zehring lacked reasonable suspicion for a second investigative detention of Mr. Piper. Appellant submits Mr. Piper's consent to search the vehicle was involuntary, because it was tainted by the second and illegal investigative detention. Appellant claims Mr. Piper consented to the search only moments after the officer had re-initiated questioning and there were no intervening circumstances to diminish the coercive atmosphere of the situation. Appellant posits insufficient attenuation between the illegal detention and Mr. Piper's consent to purge the taint of the officer's unlawful conduct. Appellant concludes all evidence discovered was fruit of the unlawful illegal detention of Mr. Piper, the trial court erred in denying Appellant's motion to suppress, and this Court must reverse. We disagree.

Preliminarily:

> Generally, to have standing to pursue a suppression motion under Pa.R.Crim.P. 581, the defendant's own constitutional rights must have been infringed. However, it is well settled that a defendant charged with a possessory offense in this Commonwealth has "automatic standing" because the charge itself alleges an interest sufficient to support a claim under Article I, § 8. This rule entitles a defendant to a review of the merits of his suppression motion without a preliminary showing of ownership or possession in the premises or items seized…. In addition to standing, though, a defendant must show that he had a privacy interest in the place invaded or thing

seized that society is prepared to recognize as reasonable.

While cursorily similar, standing and privacy interest are different concepts serving different functions. Standing is a legal interest that empowers a defendant to assert a constitutional violation and thus seek to exclude or suppress the government's evidence pursuant to the exclusionary rules under the Fourth Amendment of the United States Constitution or Article 1, Section 8 of the Pennsylvania Constitution. It ensures a defendant is asserting a constitutional right of his own. The expectation of privacy is an inquiry into the validity of the search or seizure itself; if the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, § 8 is implicated. In essence, while a defendant's standing dictates when a claim under Article I, § 8 may be brought, his privacy interest controls whether the claim will succeed—once a defendant has shown standing, he must, in short, having brought his claim, demonstrate its merits by a showing of his reasonable and legitimate expectation of privacy in the premises.

*Commonwealth v. Enimpah*, 630 Pa. 357, 363-64, 106 A.3d 695, 698-99 (2014) (internal citations and quotation marks omitted). ***See also***

*Commonwealth v. Hawkins*, 553 Pa. 76, 718 A.2d 265 (1998) (explaining defendants charged with possessory offenses have "automatic standing" to bring suppression motion before court; to prevail on suppression motion, however, defendant must also have personal privacy interest in area searched or effects seized; Pennsylvania courts have repeatedly refused to recognize **vicarious** assertions of constitutional rights).

In suppression cases, "the Commonwealth must prove the constitutional rights of the accused were not violated by the search." *Enimpah, supra* at 368, 106 A.3d at 701. Nevertheless, if the evidence

shows the defendant lacked a reasonable expectation of privacy in the area searched, then the prosecution has met its burden and need not go further. *Id.* In that scenario, "[t]he lawfulness of the detention becomes irrelevant, as constitutional error cannot inure to the benefit of the expectation-less accused. To overcome that result, the accused has the burden of showing such an expectation did exist. If the accused does so, the search is again at issue, and the prosecution must prove its constitutionality." *Id.* Therefore:

> [I]n analyzing the merits of a suppression motion, the trial court may, indeed, treat the defendant's privacy interest as a "threshold" or "preliminary" matter. That is to say, if the evidence shows there was no privacy interest, the Commonwealth need prove no more; in terms of the court's review, it need go no further if it finds the defendant has not proven a reasonable expectation of privacy. However, as it relates to the parties' presentation of evidence, our cases and the Rules of Criminal Procedure make clear that the Commonwealth has the burden of production, to give the court evidence allowing that conclusion. Once it places the issue before the court, as a basis for denying suppression, the defendant may prove the contrary. If that proof is found to meet defendant's burden, then the search itself may be examined with the burden on the prosecution to show it was not unconstitutional.

*Id.* at 369, 106 A.3d at 701-02 (internal footnote omitted).

"An expectation of privacy will be found to exist when the individual exhibits an actual or subjective expectation of privacy and that expectation is one that society is prepared to recognize as reasonable." *Commonwealth v. Viall*, 890 A.2d 419, 422 (Pa.Super. 2005). "In determining whether a person's expectation of privacy is legitimate or

reasonable, the totality of the circumstances must be considered and the determination will ultimately rest upon a balancing of the societal interests involved." *Id.* (holding appellant, who was backseat passenger in another's vehicle at time of stop, lacked reasonable expectation of privacy in backseat area of car to enable him to challenge validity of driver's consent to search that area; it would be unreasonable for appellant to have expected to maintain privacy interest in objects which were placed inside car and not shielded from view of others occupying same small space; appellant, as co-occupant of vehicle, assumed risk that driver would permit common areas of car to be searched; where joint access or control exists, there can be no reasonable or legitimate expectation of privacy).

Instantly, the Commonwealth charged Appellant with the possessory offenses of possession of a small amount of marijuana and possession of drug paraphernalia. Thus, Appellant had "automatic standing" to bring a suppression motion before the court. *Enimpah, supra*; *Hawkins, supra*. Nevertheless, the Commonwealth presented evidence at the suppression hearing that Appellant was a backseat passenger in Mr. Piper's vehicle at the time of the events at issue. After Mr. Piper consented to a search of the vehicle, police found a digital scale under the front seat, loose marijuana, leaves and seeds on the back floor mat, and a "roach" on the center console. Appellant offered no testimony or evidence at the suppression hearing to demonstrate that he had a reasonable expectation of privacy in these

common areas. *See Enimpah, supra*; *Viall, supra*. In the absence of a reasonable expectation of privacy, Appellant's suppression claims fail. *See Enimpah, supra*. Significantly, Appellant cannot vicariously assert Mr. Piper's constitutional rights to obtain relief.[5] *See Hawkins, supra*. The record supports the court's decision to deny Appellant's motion to suppress. *See Williams, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

---

[5] Appellant makes no argument that the search incident to arrest, which revealed a marijuana blunt in Appellant's shoe, was independently unlawful. Rather, Appellant attempts to challenge the validity of Mr. Piper's consent to search the vehicle, claiming all evidence subsequently obtained was fruit of the poisonous tree. Because Appellant cannot challenge Mr. Piper's consent to search the vehicle, any attack on the drugs subsequently found in Appellant's shoe incident to his arrest necessarily fails.