J-S50006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE CRUZ | |
| Appellant | No. 2676 EDA 2016 |

Appeal from the Judgment of Sentence April 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0004122-2016

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 06, 2017**

The trial court found Appellant, Jose Cruz, guilty of possession of crack cocaine and sentenced him to a probationary period of three years.[1] On appeal, Cruz challenges the sufficiency of the Commonwealth's evidence at his suppression hearing and at trial. After careful review, we conclude the Commonwealth failed to meet its burden at the suppression hearing, and therefore reverse.

When reviewing a denial of a suppression motion, "we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as

_____

[1] Additional charges of possession with intent to deliver and conspiracy were dismissed after a preliminary hearing.

a whole." **Commonwealth v. Eichinger**, 915 A.2d 1122, 1134 (Pa. 2007). We are not bound by the suppression court's legal conclusions and review the suppression court's application of the law to the facts *de novo*. **See Commonwealth v. Myers**, 118 A.3d 1122, 1125 (Pa. Super. 2015).

In contrast, we defer to the suppression court's findings of fact as it is in the bailiwick of the suppression court to assess the credibility of witnesses and the weight to be given to their testimony. **See id**. "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." **Commonwealth v. Elmobdy**, 823 A.2d 180, 183 (Pa. Super. 2003) (citations omitted).

Cruz opened his suppression hearing by seeking to suppress "any and all physical evidence that came from [Cruz] on February 11, 2016 … on th grounds – specifically narcotics on the grounds that there's no reasonable suspicion to stop my client, nor reasonable suspicion to frisk my client, no probable cause to arrest my client and no probable cause to search my client [incident to any arrest.]" **See** N.T., Suppression Hearing, 4/13/16, at 5. In response to this, the Commonwealth presented a single witness, Philadelphia Police Sergeant Patrick Love. Sergeant Love testified he was in plain clothes in an unmarked police vehicle when he observed Cruz purchase crack cocaine from another man. **See id**., at 7-8. Sergeant Love "then went over

radio and … notified officers of their description and – to come and *stop* them." *Id*., at 8 (emphasis supplied). He then testified to his experience in investigating narcotics and the basis of his belief the objects Cruz received contained crack cocaine. *See id*., at 9-11. The Commonwealth then rested.

At no point in the suppression hearing did the Commonwealth present evidence concerning the stop of Cruz. Nor did it present evidence of where the challenged evidence was found. In fact, the Commonwealth did not even present evidence of what was found.[2]

Most importantly, the Commonwealth did not present evidence of why or how Cruz was searched. Sergeant Love testified that he instructed other officers to "stop" Cruz. This could mean that he instructed officers to approach Cruz and question him, or it could mean that he instructed them to arrest Cruz.

From this record, we conclude the trial court's finding that Sergeant Love had probable cause to stop Cruz is supported by competent evidence. Furthermore, it was reasonable for the trial court to infer that another officer

---

[2] While the Commonwealth did present evidence on these issues at the subsequent trial, we cannot consider this evidence in reviewing the suppression court's decision to deny Cruz's suppression motion. *See In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013).

was relying on Cruz's statement when the officer stopped Cruz.[3] Beyond this point, however, there is no evidence in the suppression record.

In responding to a motion to suppress, the Commonwealth bears the burden of proving "the constitutional rights of the accused were not violated by the search." **Commonwealth v. Enimpah**, 106 A.3d 695, 701 (Pa. 2014). This is true even on issues upon which the accused bears the ultimate burden of persuading the finder of fact. **See id**., at 701-702.

With this in mind, we note that the record of the suppression hearing does not support *any* finding regarding the search of Cruz or the seizure of crack cocaine. The investigating officer may have seen the crack cocaine in plain view. Or he may have recognized it during a **Terry**[4] search. Perhaps the crack cocaine was found in a body cavity. The important point is that the record cannot *legally* support any of these findings.

If the officers believed that they were justified in arresting Cruz based upon Sergeant Love's instruction, any subsequent search and seizure would have been justified based upon our conclusion regarding probable cause. But there is no evidence that can support a finding that the officers, objectively or subjectively, arrested Cruz before searching him. Thus, any conclusion

---

[3] The investigating officer was justified in relying on Sergeant Love's radioed order, even in the absence of corroborating information. **See Commonwealth v. Anthony**, 97 A.2d 1182, 1187 (Pa. Super. 2009).

[4] **Terry v. Ohio**, 392 U.S. 1 (1968)

regarding the lawfulness of the search and seizure can be based only upon pure conjecture.

Under these circumstances, the Commonwealth failed to carry its burden of establishing that Cruz's constitutional rights were not violated by the search and seizure. We must therefore reverse the trial court's order denying Cruz's suppression motion, which necessarily reverses the judgment of sentence in its entirety.

Judgment of sentence reversed. Appellant discharged.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2017