**[J-16-2020] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,

        Appellee

        v.

KAITLYN N. WOLFEL,

        Appellant

: No. 23 WAP 2019
:
: Appeal from the Order of the
: Superior Court entered December
: 29, 2017 at No. 1357 WDA 2016,
: reversing the Order of the Court of
: Common Pleas of Cameron County
: entered August 19, 2016 at No. CP-
: 12-CR-0000040-2015 and
: remanding.
:
: SUBMITTED: April 16, 2020

## CONCURRING OPINION

**JUSTICE WECHT**                            **DECIDED: JULY 21, 2020**

In concluding that the Commonwealth waived its argument that Kaitlyn Wolfel had failed to raise a claim under Article I, Section 8 of the Pennsylvania Constitution, the Majority narrowly reads the Commonwealth's timely objection to the suppression court's *sua sponte* invocation of unraised grounds for relief in its briefing below and overlooks significant procedural irregularities in that court's resolution of Wolfel's motion. Nonetheless, while I disagree with the route the Majority takes, I concur in today's result, inasmuch as I, too, would find waiver, albeit on alternative grounds. Additionally, I write to highlight the suppression court's failure to adhere to our Rules of Criminal Procedure.

The duties of Pennsylvania trial courts when faced with suppression motions are clear. Pa.R.Crim.P. 581(I) commands that, "[a]t the conclusion of" a suppression hearing, the court "shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in

violation of these rules or any statute, and shall make an order granting or denying the relief sought." Notwithstanding the Rule's plain language, in *Commonwealth v. Millner*, 888 A.2d 680 (Pa. 2005), this Court "recognize[d] that . . . it is not uncommon for suppression judges to fail to comply with [the Rule's] directive." *Id.* at 688. We "stress[ed] . . . the essential purposes served by the Rule" and explicitly "disapprove[d] of non-compliance with its *unambiguous mandate.*" *Id.* (emphasis added). The suppression court proceedings here did not adhere to those strictures. The consequences of that non-compliance are readily apparent.

The parties do not dispute that Wolfel failed explicitly to invoke Article I, Section 8 as a basis for suppressing the evidence of her blood draw either in her omnibus pre-trial motion or in her post-*Birchfield*[1] motion to suppress. Nor did Wolfel raise any state constitutional grounds for suppression at the August 12, 2016 hearing. Although the suppression court indicated that it was inclined to grant Wolfel's second motion, that court did not contemporaneously make specific findings of fact or conclusions of law as required by Rule 581(I). *See* Notes of Testimony ("N.T."), 8/12/2016, at 27. One week later, the court entered an order formally granting Wolfel's motion "for reasons stated on the record," Order, Morgan, S.J., 8/19/2016, despite the absence from those proceedings of any stated rationale for affording relief. Consequently, it was not until the suppression court issued its Pa.R.A.P. 1925(a) opinion on February 21, 2017, that the court revealed that its decision to suppress Wolfel's blood draw "was based on" Article I, Section 8 of the Pennsylvania Constitution, in addition to the Fourth Amendment to the United States Constitution, the latter of which was the sole basis for suppression asserted by Wolfel. Opinion, Morgan, S.J., 2/21/2017, at 3. By waiting more than six months after the suppression hearing to announce an alternative justification for its ruling that the

---

[1] *Birchfield v. North Dakota*, ___ U.S. ___, 136 S.Ct. 2160 (2016).

defendant had not raised herself, the court effectively prevented the Commonwealth from objecting after it already had filed its statement of errors complained of on appeal.

In its principal brief in the Superior Court—the first opportunity to challenge the suppression court's erroneous *sua sponte* invocation of Article I, Section 8—the Commonwealth expressly "noted that Wolfel couched her suppression motion solely as a *Birchfield* issue," and further "submit[ted] that interjection of Article I, Section 8 analysis and authority into this matter is unwarranted." Commonwealth's Brief, Docket No. 1357 WDA 2016, at 14. Although the Commonwealth could have been more precise in highlighting the fact that the suppression court belatedly rendered its decision upon grounds that Wolfel had not raised, the Commonwealth sufficiently communicated Wolfel's failure to preserve her Article I, Section 8 claim such that the Superior Court ably discerned that she had waived it. *See Commonwealth v. Wolfel*, 1357 WDA 2016, 2017 WL 6629411, at *3-4 (Pa. Super. Dec. 29, 2017) (unpublished). Thus, I do not share the Majority's view that the Commonwealth's treatment of Wolfel's waived claim in its briefing itself constituted a waiver, and I would not disturb the Superior Court's resolution of that issue.

That being said, the Commonwealth failed to preserve its present claim that the good-faith exception to the federal exclusionary rule should be applied here. At the suppression hearing, and as the appellant below, the Commonwealth bore the burden of establishing that the evidence derived from the coerced blood draw was admissible despite the facially unconstitutional means by which it was obtained. *Commonwealth v. Enimpah*, 106 A.3d 695, 701-02 (Pa. 2014). That burden necessarily includes raising for timely consideration by the suppression court any applicable exceptions to the exclusionary remedy in order to preserve those issues for appeal. Here, the record reflects that the Commonwealth's "chief argument" at the suppression hearing was that

*Birchfield* did not apply retroactively to cases pending at the time the Supreme Court of the United States issued its decision in June 2016. *See* N.T., 8/12/2016, at 4. Indeed, the entirety of the Commonwealth's argument, and of the suppression court's questions and commentary, concerned the retroactivity of that decision. *See id.* at 21-23, 24-27.

To be fair, in disputing defense counsel's view that Wolfel was entitled to retroactive application of the rule announced in *Birchfield*, the Commonwealth briefly commented that the Pennsylvania State Trooper who had read the invalid implied consent warning to Wolfel "was proceeding according to his training[,] doing what he would have been trained was required, acting totally in good faith. Nobody's claimed otherwise." *Id.* at 21-22.[2] But that fleeting remark, read in context, was insufficient to preserve for appellate review the weighty issue now relied upon. And the record contains no other indication that the Commonwealth sought to preempt an unfavorable ruling on Fourth Amendment grounds by invoking the good-faith exception, which this Court rejected as a

---

[2]     Echoing its approach before the suppression court, in its Pa.R.A.P. 1925(b) statement the Commonwealth raised a single claim that the court erred in granting Wolfel's suppression motion because, "[w]hen the police acted in good faith reliance on the legal authority that was in effect at the time of the collection of the blood sample, *Birchfield* should not be applied retroactively to exclude evidence obtained prior to its decision." Pa.R.A.P. 1925(b) Statement, 10/4/2016, at ¶ 1. Having failed to put the issue squarely before the suppression court at the hearing on Wolfel's motion, the Commonwealth's effort to shoehorn its unpreserved good-faith exception argument into its preserved non-retroactivity claim by conflating the two concepts is unavailing. Whether or not police "acted in good faith" when they violated a person's constitutional rights has no bearing on whether a decision by the U.S. Supreme Court announcing a new rule of constitutional magnitude must be applied retroactively to criminal cases then-pending in state courts. Nor do defendants in those circumstances have the burden of proving that police acted in "bad faith" to secure the benefits of those rulings when seeking suppression of unlawfully obtained evidence. In any event, notwithstanding the Commonwealth's singular focus upon the retroactivity question at the suppression hearing and in its sole claim of error raised on appeal, it abandoned that claim by not pressing it in the Superior Court. *See Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003).

matter of Pennsylvania constitutional law nearly thirty years ago. *See Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991); *see also Commonwealth v. Johnson*, 86 A.3d 182 (Pa. 2014).[3]  For these reasons, I conclude that the Commonwealth waived its extant assertions of that exception, and I would remand the matter to the Superior Court with instructions to reinstate the order of suppression.

Accordingly, I concur in the result reached by the Majority.

Justice Baer joins this concurring opinion.

---

[3]  Whether, in light of *Edmunds*, Pennsylvania's trial and intermediate appellate courts, which are bound by the Pennsylvania Constitution and decisions from this Court interpreting it, may apply the good-faith exception to the federal exclusionary rule in state prosecutions involving standalone Fourth Amendment violations has not yet been addressed by this Court.  Because that issue was not raised by the parties, I take no position on the views expressed by the Majority and Dissent as to its applicability here. *See* Maj. Op. at 8-9; Diss. Op. at 3 (Dougherty, J.).