J-S32007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DARNELL DAVIS | : | |
| Appellant | : | No. 2711 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 24, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003192-2020

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED DECEMBER 2, 2025**

This case returns to us on remand from the Pennsylvania Supreme Court. Darnell Davis appealed from the judgment of sentence, entered in the Court of Common Pleas of Chester County, after a jury convicted him of one count each of possession with intent to deliver (PWID) (between 100g and 1000g cocaine),[1] possession of drug paraphernalia,[2] and possession of a controlled substance.[3] This Court previously affirmed Davis' judgment of sentence. *See Commonwealth v. Davis*, 334 A.3d 377 (Pa. Super. 2025) (Table). On September 3, 2025, our Supreme Court vacated our prior decision and remanded for reconsideration in light of *Commonwealth v. Anderson*,

_____

[1] 35 Pa.C.S.A. § 780-113(a)(30).

[2] *Id.* at § 780-113(a)(32).

[3] *Id.* at § 780-113(a)(16).

340 A.3d 297 (Pa. 2025). *See Commonwealth v. Davis*, --- A.3d ---, 2025 WL 2527914 (Pa. filed September 3, 2025). After careful review, we reverse the order denying suppression, vacate Davis' convictions and judgment of sentence, and remand for proceedings consistent with this memorandum.

In *Anderson*, our Supreme Court held:

> Although the defendant bears the ultimate burden of persuasion with respect to his reasonable expectation of privacy, the Commonwealth bears the initial burden of production to present evidence the defendant lacked such an expectation. . . . **The bare fact that [the] car driven by appellant was not registered to him did not, without more, render it more likely than not that he lacked a reasonable expectation of privacy in the vehicle**.

*Id.* at 308-09 (emphasis added). Thus, "evidence indicating the driver of a vehicle is not the registered owner, standing alone, is **insufficient** to meet the Commonwealth's initial burden of production and, consequently, such evidence does not shift the burden of proving a reasonable expectation of privacy to the defendant." *Id.* at 310 (emphasis added). Our Supreme Court continued: "In so holding, we hasten to emphasize the narrowness of our decision. We do not foreclose the possibility that evidence a vehicle is registered to someone else, together with other indicia of unlawful possession, may suffice to meet the Commonwealth's initial burden under a totality of the circumstances analysis." *Id.* at 310.

On remand, we consider only the following issue:[4] "Did the trial court err in finding [Davis] lacked a reasonable expectation of privacy [in the vehicle that was searched]?" Brief for Appellant, at 5 (unnecessary capitalization omitted).

We previously summarized the facts of this case. *See Davis*, *supra* at **1-**2. Briefly, on August 26, 2020, at 4:02 p.m., on the Pennsylvania Turnpike at mile marker 320 in Tredyffrin Township, Chester County, Pennsylvania State Police Trooper Peter Burghart observed a blue Chevrolet Malibu travelling at 84 miles per hour in a 70 mile-per-hour zone. Trooper Burghart pulled the vehicle over and observed Davis, the driver and sole occupant. Davis was unable to produce any identification, but provided his name and driver's license number. *See* N.T. Suppression Hearing, 8/19/22, at 13-14. Trooper Burghart asked Davis to exit the vehicle and Davis complied. Trooper Burghart frisked Davis and found no weapons. Trooper Burghart searched the police database system using the information Davis provided. While Trooper Burghart was checking Davis' information, Davis told him that Davis did not own the Malibu, that his cousin, Marqui Edwards, had

_____

[4] In his initial appeal to this Court, Davis challenged the sufficiency of the evidence as to all three convictions and the discretionary aspects of his sentence. *See Davis*, 334 A.3d 337, at **3-**6. Our Supreme Court did not grant review concerning those issues. Thus, we confine our review to the single issue stated above. Moreover, in light of our disposition, further review of Davis' other claims would be moot.

We also note that this Court did not direct the parties to file supplemental briefs and, as such, we glean their arguments from the initial briefs.

given him permission to use the vehicle, and that it was owned by "Reka," his cousin's girlfriend.

Trooper Burghart was ultimately able to confirm, via the police database, that Davis had a valid license and that the Malibu was registered to a Mareka Crampton. As a result of this, Trooper Burghart informed Davis that he previously smelled marijuana coming from the Malibu. Davis admitted to smoking marijuana earlier in the day and Trooper Burghart asked if anything else illegal was in the vehicle. Davis answered in the negative, and Trooper Burghart searched the vehicle without a warrant.

We begin by emphasizing that a challenge to a defendant's expectation of privacy is woven into the complex burden shifting involved in suppression hearings. ***See Enimpah***, 106 A.3d 695, 700-01 (Pa. 2014) (**before defendant must prove privacy interest in area searched, Commonwealth must initially satisfy its burden of production by presenting evidence showing defendant lacked any protected privacy interest**; where Commonwealth fails to bear this initial burden, burden never shifts to defendant to prove privacy interest). Our Supreme Court has explained that, while the expectation of privacy can be described as a "preliminary" matter, Pa.R.Crim.P. 581(H) nevertheless requires the Commonwealth to both challenge a defendant's expectation of privacy **and** demonstrate that the defendant lacked an expectation of privacy. ***See Enimpah***, 106 A.3d at 701-02 (discussing Rule 581(H) and determining "[t]he Commonwealth may concede the privacy interest, choosing to contest only

the legality of the police conduct; if it does so, the defendant's 'reasonable expectation of privacy' need not be established"); *see also* Pa.R.Crim.P. 581(H) (providing Commonwealth bears burden to present evidence that defendant's constitutional rights were not infringed). Only after meeting these requirements does the burden of persuasion shift to the defendant to demonstrate that he had a reasonable expectation of privacy in the area searched. *Enimpah*, 106 A.3d at 700-01; *see also Anderson*, *supra*.

Instantly, the trial court addressed Davis' reasonable expectation of privacy claim as follows:

> [Davis] failed to meet his burden of proof that he had an expectation of privacy in a vehicle he did not own and did not know the name of the owner of the vehicle. Nor was there any evidence that [Davis] had permission to be driving the vehicle. . . . No evidence was presented that [] Edwards had any authority to give permission to [Davis] to drive the vehicle.

Trial Court Opinion, 1/18/24, at 2-3 (incorporating findings of fact from August 31, 2022 transcript by reference).

The trial court's improper burden shifting was in direct conflict with our prevailing caselaw and the Supreme Court's decision in *Anderson*. *See Anderson*, *supra*; *Enimpah*, *supra*. Indeed, it is not the defendant, but the Commonwealth that must first satisfy its burden of production before a defendant must satisfy his own burden or persuasion. *See Enimpah*, *supra*. Here, the facts reveal that: Davis was operating a vehicle that was not his; Davis was the sole occupant; Davis had a valid driver's license, although the physical copy was not with him; and there was a smell of marijuana coming

from the vehicle. Based upon our Supreme Court's holding in **Anderson**, we conclude that these facts do not support a conclusion that the Commonwealth met its burden of production and, therefore, the burden never shifted to Davis. **See Anderson**, **supra** ("bare fact that car driven by appellant was not registered to him did not, without more, render it more likely than not that he lacked a reasonable expectation of privacy in the vehicle[]"). Consequently, we conclude that the trial court erred with respect to its conclusion that Davis lacked a reasonable expectation of privacy.

Furthermore, we observe that, in his suppression motion, Davis argued that the search of the vehicle was unconstitutional pursuant to **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020) (holding warrantless vehicle searches require both probable cause and exigent circumstances). **See** Motion to Suppress, 2/16/21, at 2-3 (unpaginated) (Davis preserving **Alexander** challenge). The trial court did not reach Davis' **Alexander** claim due to its erroneous legal conclusion that Davis lacked a reasonable expectation of privacy in the vehicle.[5]

As we have concluded that the Commonwealth did not sustain its burden of production to prove Davis lacked a privacy interest in the vehicle pursuant to **Anderson**, the logical conclusion requires the trial court to make factual findings regarding his **Alexander** claim. Accordingly, we reverse the trial

_____

[5] We make no determination whether the above facts satisfy **Alexander's** probable cause and exigent circumstances requirements. As set forth above, our review is limited solely to whether Davis had a reasonable expectation of privacy in the Malibu.

court's denial of suppression, vacate Davis' judgment of sentence, and remand for proceedings consistent with this memorandum.

Order reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/2/2025