J-S16036-24

2024 PA Super 112

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD LYN | : | No. 1808 EDA 2023 |

Appeal from the Order Entered June 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007793-2022

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED MAY 31, 2024**

The Commonwealth as Appellant appeals from the order entered in the Philadelphia County Court of Common Pleas on June 8, 2023, granting a suppression motion in favor of Defendant/Appellee, Richard Lyn. After a careful review, we reverse.

Briefly, police initiated a traffic stop on the vehicle Appellee was driving on October 14, 2022. Appellee tried to evade the police, crashed the vehicle, and fled on foot, leaving the car turned on. After a struggle, the police arrested Appellee. The police searched the vehicle from which Appellee had fled and recovered, *inter alia*, a firearm. Thereafter, the police obtained a search warrant. The Appellee filed a motion to suppress all physical evidence recovered from the vehicle. On June 8, 2023, the trial court granted the

_____

* Former Justice specially assigned to the Superior Court.

suppression motion. On July 6, 2023, the Commonwealth appealed the suppression order.

The Commonwealth raises one issue for our review:

Where police initiated a valid traffic stop, then defendant kept driving, crashed the car, and fled the scene on foot, did the lower court err by suppressing a gun found in the car that defendant had abandoned, thereby also abandoning any reasonable expectation of privacy he had in the car?

Appellant's Br. at 4. The trial court acknowledges that it did err in granting the suppression motion.

To begin, we note our standard of review in addressing a challenge to the suppression court's order granting a suppression motion:

When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

***Commonwealth v. Korn***, 139 A.3d 249, 252-53 (Pa. Super. 2016), appeal denied, 159 A.3d 933 (2016).

In addressing the Commonwealth's issue, we have reviewed the arguments in its appellate brief, Appellee's arguments in his brief[1], the

---

[1] Appellee unconvincingly tries to distinguish similar cases by stating that the vehicle doors were closed, and the car motor was turned off. Appellee's Br. at 15. This characterization is misleading as the keys were still in the ignition and the battery of the car was running, evidenced by the car radio still playing

*(Footnote Continued Next Page)*

certified record including the warrant affidavit, and the applicable law. We have also considered the well-reasoned opinion of the Honorable Roxanne E. Covington. We conclude that Judge Covington's opinion adequately addresses the error at issue and correctly concludes that the order in question should be reversed. We adopt the trial court's opinion as our own.

We make one additional observation to supplement the trial court's opinion. "A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." *Commonwealth v. Burton*, 973 A.2d 428, 435 (Pa. Super. 2009) (*en banc*).

> Standing requires a defendant to demonstrate one of the following: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.

*Id.* (citations omitted).

---

as the officers commenced their search. The car doors were closed because Officer Devlin shut the doors and turned the car off. N.T. at 21.

Appellee further attempts to show how the Commonwealth's rationale is flawed by describing hypothetical situations inapplicable to the present facts. One hypothetical includes a defendant fleeing on foot from a home, and the other hypothetical includes a defendant fleeing to avoid police after exiting a parked car. Appellee's Br. at 14-15. Here, the car was in motion when police initiated the stop, then crashed, then was abandoned.

In **Burton**, the driver was stopped for a routine traffic violation. When the police asked for identification, they discovered that none of the car's occupants were the named lessee and none could establish their connection to the car or the named lessee. Our Court held that because the defendant offered no evidence to explain his connection to the vehicle or his connection to the registered owner of the vehicle, he "failed to demonstrate that he had a reasonably cognizable expectation of privacy in a vehicle that he did not own, that was not registered to him, and for which he has not shown authority to operate." **Id.** at 436.

Here, Appellee's girlfriend, Theresa Broderick, owned the car Appellee drove and crashed. N.T. at 35. She testified at the suppression hearing that he had her permission to drive her car on the day in question, attempting to establish that Appellee had a possessory interest in the vehicle. However, Appellee failed to establish the first element of standing—his presence on the premises at the time of the search—since he fled and abandoned the vehicle. Because Appellee failed to submit to the traffic stop and fled from the premises of where the search occurred, he forfeited his opportunity to establish his possessory interest in the car, namely, that he had a connection to the registered owner and had her permission to use the vehicle. **Burton, supra**. Further, at the time the officers applied for a search warrant, they knew the arrestee was a male identified as Richard Lyn, and that the vehicle was registered to a female named Theresa Broderick. Commonwealth's Ex. 1, Search Warrant Affidavit. The officers would have reasonably known that the

driver was not the registered owner. There is nothing in the affidavit nor was there testimony at the suppression hearing that Appellee explained his connection to the vehicle to the officers, or that he told the officers he had the owner's permission to drive her car. Thus, Appellee did not demonstrate that he had a reasonably cognizable expectation of privacy in the vehicle that he did not own and from which he fled at the time it was searched, thereby abandoning the vehicle and its contents.

Accordingly, we adopt Judge Covington's opinion as our own, and reverse the order granting Appellee's suppression motion.

Order reversed.

Jurisdiction relinquished.

Judge Lane joins the opinion.

Judge Stabile concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024

## IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA-PHILADELPHIA
## TRIAL DIVISION-CRIMINAL SECTION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | CP-51-CR-00007793-2022 |
| v. | : | |
| | : | |
| RICHARD LYN | : | 1808 EDA 2023 |

### OPINION

Covington, J.

## I.   PROCEDURAL HISTORY

Richard Lyn (Hereinafter "Appellee") was arrested on October 14, 2022, and charged with Possession of Firearm Prohibited (F1), Firearms Not to be Carried Without a License (F3), Carrying Firearm Public in Phila (M1), Resist Arrest/Other Law Enforcement, Fleeing or Attempting to Elude Officer, and Evading Arrest or Detention on Foot.[1] On June 8, 2023, this Court heard and granted Appellee's Motion to Suppress all physical evidence recovered from the vehicle he was driving, specifically a firearm in the glove compartment.

On July 6, 2023, the Commonwealth (Hereinafter "Appellant") filed a timely Interlocutory Appeal and complied with the Court's order pursuant to Pa.R.A.P. 1925(a). In its statement of errors, the Appellant avers the following:

1. Where defendant crashed a car and fled the scene during flight from police, did the lower court err in suppressing a gun found in the car in which he had abandoned any reasonable expectation of privacy?

---

[1] 18 C.S.A. § 6105 §§A1; 18 C.S.A. § 6106 §§A1; 18 C.S.A. § 6108; 18 C.S.A. § 5104; 18 C.S.A. § 3733; 18 C.S.A. § 5104.2 (respectively).

Statement of Matters Complained of on Appeal Pursuant to R.A.P. 1925(b) (hereinafter "1925(b) Statement").

After thorough research, the Court concludes that it erred in granting Appellee's Motion to Suppress.

## II.  **FACTUAL HISTORY**

On October 14, 2022, at approximately 11:00 p.m., Police Officer Geovanny Castro-Baez (hereinafter Officer Castro-Baez) and his partner Officer McFadden were in the area of the 2300 block of North Saint Bernard when Appellee drove a grey Ford Taurus with no taillights at a high rate of speed. Notes of Testimony (hereinafter "N.T"), 6/8/2023, at 9-12. Appellee ran a red traffic light at 54th and Woodbine and the Officer activated lights and sirens. *Id.* at 12-13. Appellee disregarded the police car and continued eastbound on Woodbine Ave. *Id.* The chase continued for about four blocks, until Appellee crashed his vehicle into a stone wall in the area of 50th Street. *Id.* at 13-14. Appellee exited the driver's side and fled on foot from officers leaving the car still running. *Id.* at 14, 27. Officer Castro-Baez and his partner chased Appellee and handcuffed him following a lengthy struggle. *Id.* at 14-16.

Once backup officers arrived, a search was conducted on Appellee's vehicle. *Id.* at 16. When Officer Devlin opened the glove box and observed a firearm, a search warrant was requested and subsequently executed for the firearm's recovery from the vehicle. *Id.* at 16-17, and 30.

Theresa Broderick, the girlfriend of Appellee, testified that the vehicle belonged to her, and that Appellee had permission to drive the vehicle. *Id.* at 34-35.

## III. __DISCUSSION__

### A. Suppression of the gun was improper.

The Commonwealth questions whether this Court erroneously suppressed a firearm, found in the car abandoned by Appellee after which he had no reasonable expectation of privacy. 1925(b) Statement. The Court opines that it erred in granting the suppression motion.

The applicable standard of review when the Commonwealth appeals from a suppression order is as follows:

> When the Commonwealth appeals from a suppression order, [the Superior Court] follow[s] a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports these findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Baker*, 946 A.2d 691, 693 (Pa. Super. Ct. 2008) (quotation omitted).

Before litigating the suppression motion, Appellee invoked the protections guaranteed by the Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, and Article I, Section 8, of the Pennsylvania Constitution, PA. Const. art. I, § 8. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularity describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. And the Superior Court of Pennsylvania has

> Consistently held [,however,] that the Fourth Amendment does not require a policeman who lacks a precise level of information

3

necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry v. Ohio,* 392 U.S. 1 (1968), and its progeny recognize that the essence of good police work is for the police to adopt an intermediate response where they observe a suspect engaging in unusual and suspicious behavior.

*Commonwealth v. Bryant,* 866 A.2d 1143, 1146 (Pa. Super. Ct. 2005) (internal citations and quotation marks omitted).

Pennsylvania's constitutional provision is similar in its phrasing but distinct in the nature and scope of its protections:

> The people shall be secure in their persons, houses, papers, and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. Const. art. I, § 8.

Furthermore, there is no arguable merit for relief if the defendant lacks a reasonable expectation of privacy in the abandoned vehicle. *Commonwealth v. Johnson,* 987 A.2d 816 (Pa. Super. 2009), 987 A.2d 311(Pa. 2010). A defendant must show as a general preliminary manner that he had an expectation of privacy in the area searched. *Commonwealth v. Burton,* 973 A.2d 428, 435 (Pa. Super. 2009). The driver of a stolen or abandoned car does not have an expectation of privacy in the car. *Id.*

In *Commonwealth v. Johnson,* police attempted to stop a vehicle in connection with an armed robbery, who drove one more block before he became stuck in traffic. *Commonwealth v. Johnson,* No. 7 EDA 2013 (Pa. Supp. Ct.). At that point, the defendant bailed out of his vehicle, fleeing on foot, leaving the car keys in the car and the driver's side door closed. *Id.* After police apprehended the defendant, an officer went to the defendant's vehicle to turn off the ignition, and

4

upon opening the car door, he observed the handle of a handgun protruding from between the driver's seat and the center console, and subsequently retrieved it. *Id.* The Court determined that the defendant's actions constitute abandonment, and that because he lacked a reasonable expectation of privacy in the abandoned vehicle, his alternative theories of relief, i.e., the police lacked a search warrant and the recovered items not in plain view, are of no moment. *Id.*

The facts of the current case closely resemble those in *Johnson*. Here, police observed Appellee traveling at a high speed and running a red light. N.T. 6/8/2023, at 9-12. Patrol vehicles, with lights and sirens activated, attempted to stop Appellee as he traveled about four blocks. *Id.* at 13-14. The vehicle came to a stop once it was driven into a stone wall. *Id.* At that point, Appellee exited his vehicle and fled on foot from police. *Id.* at 14. When Appellee fled, the car was still turned on, this was evidenced by the radio still playing in the car. *Id.* at 27. The vehicle was thus abandoned, and as a result, there was no reasonable expectation of privacy.

In another similarly situated case, *United States v. Lynch,* police attempted to stop the driver of a car, after which the driver attempted to flee from the police by driving at a huge rate of speed. 290 F. Supp. 2d, 490 (M.D. Pa 2003). Eventually the driver rammed his car into a police cruiser and fled on foot, leaving the door wide open while the motor and headlights were running. The Court ruled that, given those facts, there was no reasonable expectation of privacy, stating, "At this point, he had abandoned his vehicle as he attempted to avoid apprehension. Many other courts have held that when a vehicle is abandoned in this manner, the subsequent search of the vehicle is lawful." *Id.* at 497.

Additionally, the facts of this case are directly opposite to those in *United States v. Abbott,* where the court found that a defendant had not abandoned their vehicle. In *Abbott*, the defendant had parked his vehicle in a private lot with the engine off, the door closed, and the keys gone. Even

5

though the car was involved in an earlier police chase, the court ruled that the car was not abandoned, stating "... [defendant's] conduct is dissimilar to the defendant who, finding himself pursued, left his automobile in the street with the lights on and the motor running and fled on foot ..." *United States v. Abbott,* 584 F. Supp. 2d at 451.

In the current case, Mr. Lyn abandoned his vehicle when he fled the police, and thus could not meet his burden that he had a reasonable expectation of privacy in the vehicle.

Based on the preceding analysis, this Court erred when it granted Mr. Lyn's Motion to Suppress. The police officers acted reasonably and prudently when they frisked the abandoned vehicle.

## CONCLUSION

In summary, this Court has carefully reviewed the entire record. For the reasons set forth herein, the Court's order should be reversed.

BY THE COURT:

Hon. Roxanne E. Covington
October 20, 2023

6